IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **RALPH BROWN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case Number:  2:06-cv-642-MEF** |
| | * | |
| **CHAMPION ENTERPRISES, INC.,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |

## ANSWER

**COMES NOW** Champion Home Builders Co., improperly named in the complaint as Champion Home Builders Company, Inc. (hereinafter referred to as "CHB"), one of the defendants in the above-styled action, by and through counsel of record, and shows unto this Court the following:

## PARTIES

1.      Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

2.      It is admitted that Champion Enterprises, Inc. is a Michigan corporation, with its principal place of business in Auburn Hills, Michigan.  To the extent the remaining allegations in this paragraph are in conflict with the above, said allegations are denied and strict proof thereof is demanded.

3.      It is admitted that CHB is a Michigan corporation, with its principal place of business in Auburn Hills, Michigan.  To the extent the remaining allegations in this paragraph are in conflict with the above, said allegations are denied and strict proof thereof is demanded.

4.     Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

## BACKGROUND FACTS

5.     The Code Section referenced in this paragraph speaks for itself.  To the extent any allegations in this paragraph conflict with the express terms of the Code Section, said allegations are denied and strict proof thereof is demanded.

6.     The legislative history of the Code Section referenced in this paragraph speaks for itself.  To the extent any allegations in this paragraph conflict with the legislative history of the Code Section, said allegations are denied and strict proof thereof is demanded.

7.     The allegations contained in this paragraph are denied and strict proof thereof is demanded.

8.     The Code Section referenced in this paragraph speaks for itself.  To the extent any allegations in this paragraph conflict with the express terms of the Code Section, said allegations are denied and strict proof thereof is demanded.

9.     The Code Section referenced in this paragraph speaks for itself.  To the extent any allegations in this paragraph conflict with the express terms of the Code Section, said allegations are denied and strict proof thereof is demanded.  It is further denied that the waiver was urged by manufacturers in the industry.

10.     The Code Section referenced in this paragraph speaks for itself.  To the extent any allegations in this paragraph conflict with the express terms of the Code Section, said allegations are denied and strict proof thereof is demanded.

11.     Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

12.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

13.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

14.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.  It is further specifically denied that there is any know condition that is referred to as "Gulf Coast Syndrome" and that this is merely a fabricated term of art.

15.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

16.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

17.    It is admitted that CHB would have provided its Limited Warranty and Arbitration Agreement to the first retail purchaser of the home and that said Limited Warranty and Arbitration Agreement speaks for itself.  To the extent the remaining allegations in this paragraph are in conflict with the above, said allegations are denied and strict proof thereof is demanded.

18.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

19.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

20.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

21.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

## COUNT ONE
## MAGNUSON MOSS WARRANTY ACT
## 15 U.S.C. § 2301 *et seq.*

22.    All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

23.    It is admitted that CHB would have provided its Limited Warranty and Arbitration Agreement to the first retail purchaser of the home and that said Limited Warranty and Arbitration Agreement speaks for itself.  To the extent the remaining allegations in this paragraph are in conflict with the above, said allegations are denied and strict proof thereof is demanded.

24.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

25.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

26.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

27.    All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

28.     It is admitted that CHB would have provided its Limited Warranty and Arbitration Agreement to the first retail purchaser of the home and that said Limited Warranty and Arbitration Agreement speaks for itself.  To the extent the remaining allegations in this paragraph are in conflict with the above, said allegations are denied and strict proof thereof is demanded.

29.     The allegations contained in this paragraph are denied and strict proof thereof is demanded.

30.     The allegations contained in this paragraph are denied and strict proof thereof is demanded.

31.     The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

32.     All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

33.     The allegations contained in this paragraph are denied and strict proof thereof is demanded.

34.     The allegations contained in this paragraph are denied and strict proof thereof is demanded.

35.     The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT FOUR
## BREACH OF FITNESS FOR A PARTICULAR PURPOSE

36.    All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

37.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

38.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

39.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT FIVE
## BREACH OF WARRANTY OF HABITABILITY

40.    All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

41.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

42.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

43.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT SIX
## NEGLIGENCE

44.    All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

45.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

46.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

47.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

48.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT SEVEN
## WANTON

49.    All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

50.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

51.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

52.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

**COUNT EIGHT**
**UNJUST ENRICHMENT**

53.    All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

54.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

55.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

**COUNT NINE**
**FRAUDULENT CONCEALMENT**

56.    All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

57.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

58.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

59.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

60.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

61.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT TEN
## ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE

62.    All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

63.    CHB admits that it manufactured the subject manufactured home, which was subsequently sold to a dealer in manufactured housing.  To the extent the remaining allegations in this paragraph are in conflict with the above, said allegations are denied and strict proof thereof is demanded.

64.    Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

65.    Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

66.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

67.    The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

9

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    One or more documents relevant in this matter may require that disputes for which a claim is made in the Complaint are to be submitted to arbitration.

3.    Responsibility for any of the damages sought in the Complaint is hereby denied.

4.    The time within which the claims alleged in the Complaint could have brought has expired and therefore, the claims made in the Complaint for punitive damages or other damages are barred by the Statute of Limitations.

5.    The doctrine of laches is hereby pleaded.

6.    This action is filed in the improper venue and/or there is a more convenient forum for the parties to this action.

7.    The Court lacks jurisdiction over some or all of the defendants.

8.    The plaintiff, whether one or more, or some other third party contributed to the cause of the alleged damages and therefore there is a bar from relief.

9.    Proximate causation as it relates to any damages in the Complaint is hereby denied.

10.    Causal connection between any alleged actions and any alleged injuries or damages complained of in the Complaint are hereby denied.

11.    It is hereby plead that the injuries and damages alleged in the Complaint were proximately caused by the negligence of one or more of the plaintiffs or some other party.

12.    It is hereby denied that there was any alleged reliance upon any alleged representation and that any such reliance was reasonable.

13.    It is hereby asserted that there has not been a breach any duty owed to any complaining party, nor any responsibility owed for any damages allegedly incurred.

14.    Conditions precedent relative to the right to maintain this action have not been met.

15.    It is hereby denied that the plaintiff (whether one or more) is entitled to recover punitive damages based upon the averments made in the Complaint.

16.    The claims are barred due to failure to mitigate damages.

17.    The statute of frauds is hereby pleaded.

18.    An invitation for a court or jury to impose liability for punitive damages, without guidelines or standards for determination of the amount or proper circumstances for such an award, would deny due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

19.    The claims for punitive damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

20.    The imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

      A.    The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

      B.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of award.

      C.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

D.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

E.    The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

F.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

G.    The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

H.    The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

I.    An award of punitive damages would constitute an arbitrary and capricious taking of property without due process of law.

21.    Imposition of punitive damages in this case would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

22.    All defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in the case styled *BMW of North America, Inc., v. Gore*, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1997) are hereby adopted by reference.

23.    Any statutory cap on damages, enacted at present or subsequent to the filing of this Answer, is hereby asserted.

24.    Liability as a manufacturer for damages under the Alabama Extended Manufacturer's Liability Act is hereby denied.

25.    There is a bar against recovery for damages as the actor assumed the risk of the activity engaged, which allegedly caused an injury.

26.    Any alleged damage for which a complaint has been made was caused by an independent intervening cause after the manufacture and/or sale.

27.    Any and all claims for punitive damages in this action are limited in amount by the application of § 6-11-21, *Alabama Code (1975)*, which provides that an award of punitive damages shall not exceed $250,000.00.

28.    The holding of *Henderson v. Alabama Power Co.,* 627 So.2d 878 (Ala. 1993) is due to be overruled for each and every reason set forth in the special concurrences in *Goodyear Tire & Rubber Co. v. Vinson*, 749 So.2d 393 (Ala. 1999), and supporting authorities therein, which are adopted by reference as if fully set out herein.

29.    The doctrine of revival dictates that upon the overruling of *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1993), the $250,000.00 cap provided by § 6-11-21, *Alabama Code (1975)*, is applicable to this case which was filed after § 6-11-21 was enacted.

30.    It is hereby asserted that the claim for a jury determination of punitive damages is due to be stricken, as such determination is not a finding of "fact" which falls within the province of the jury. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

31.    Potential liability for mental anguish damages should be restricted to conduct which is bound to result in shame, humiliation, and mental anguish, but not mere disappointment, anger, worry, aggravation, resentment, or embarrassment, and in the absence of emotional distress so severe that no reasonable person could be expected to endure it and substantial evidence a defendant was aware of circumstances that would make alleged intentional or negligent conduct result in shame, humiliation, and mental anguish, claims for mental anguish should not be allowed to be submitted to the jury. Alabama follows the "zone of danger" test, which limits recovery of mental anguish damages to those plaintiffs who sustain a physical

13

injury as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct. *See Wal-Mart Stores, Inc. v. Bowers*, 752 So.2d 1201 (Ala. 1999.); *AALAR, Ltd., Inc. v. Francis*, 716 So.2d 1141, 1147 (Ala. 1998); a*ccord, White Consol. Indus., Inc. v. Wilkerson*, 737 So.2d 447, 449 (Ala. 1999).

32.    Mental anguish damages are not available in this case as the terms the warranty expressly preclude responsibility for incidental or consequential damages or expenses.

33.    The invitation for a trier of fact to impose liability for mental anguish damages, without guidelines or standards for determination of the amount or proper circumstances for such an award, would deny due process of law in violation of the Fourteenth Amendment to the United States Constitution, violate of the Constitution of the State of Alabama, the Rule of Certainty, the Dormant Commerce Clause, the Separation of Powers, and violates the rule of *Hadley v. Baxendale,* 9 Exch. 341, 156 Eng.Rep. 145 (1854)[1] in that, among other things, there is an appropriate remedy in tort.

34.    The claims relating to mental anguish damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

---

[1]      The rule of *Hadley v. Baxendale* was stated by Alderson, B., as follows: Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated . But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would arise generally, and in the great multitude of cases not affected by any special circumstances, from such a breach of contract. 156 Eng.Rep. at 151.

35.    The imposition of mental anguish damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

A.    The procedures pursuant to which mental anguish damages are awarded permit the award of mental anguish damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

B.    The procedures pursuant to which mental anguish damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrong doing.

C.    The procedures pursuant to which mental anguish damages are awarded fail to provide a reasonable limit on the amount of award.

D.    The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the award of mental anguish damages.

E.    The procedures pursuant to which mental anguish damages are awarded are unconstitutionally vague.

F.    The procedures pursuant to which mental anguish damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

G.    The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the amount of mental anguish damages.

H.    The procedures pursuant to which mental anguish damages are awarded fail to provide a clear appellate standard of review of an award of mental anguish damages.

I.    The procedures pursuant to which mental anguish damages are awarded may permit the admission of evidence relative to mental anguish damages in the same proceedings during which liability and compensatory damages are determined.

J.    An award of mental anguish damages would constitute an arbitrary and capricious taking of property without due process of law.

36.    Imposition of mental anguish damages would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

37.    A manufactured home is not a "consumer product" as defined in the Magnuson-Moss Warranty Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 *et seq.* (the "Magnuson-Moss Act") as a manufactured home is a dwelling.  Under 16 C.F.R. § 700.1(e), it is stated that:

> numerous products which go into the construction of a consumer dwelling are all consumer products when sold "over the counter," as by hardware and building supply retailers . . .  However, where such products are at the time of sale integrated into the structure of a *dwelling* they are not consumer products as they cannot be practically distinguished from realty. (Emphasis added).

38.    Even if the Magnuson-Moss Act is applicable, there has been a failure to comply with the conditions precedent to recovery under the Magnuson-Moss Act.

39.    Mental anguish damages are not recoverable under the Magnuson-Moss Warranty Act (if applicable).

40.    Any warranty obligations owed are controlled and strictly limited by the expressed terms of any warranty, including all limitations and exclusions set out in any applicable warranty.

41.    Your pleader has not been afforded a reasonable amount of time to cure alleged defects in the manufactured home and thus, any breach of warranty claim or any Magnuson-Moss Act claim (if applicable) is barred.

42.    Upon information and belief, your pleader may have been refused the right to cure alleged defects in the manufactured home and therefore, there is no right to bring a claim for any breach of warranty.

43.    There is no right of recovery as there was no failure or refusal to perform any warranty obligations.

44.    Any express warranty has not failed of its essential purpose.

45.    Your pleader is not the seller of the manufactured home and there is no privity of contract between the parties.

46.    Based on averments in the Complaint, the sales transaction with the ultimate purchaser of the subject manufactured home may not be complete.    Under 24 C.F.R. § 3282.252(b), completion of a sales transaction is defined as follows:

> A sales transaction with a purchaser is considered completed when all the goods and services that the dealer agreed to provide at the time the contract was entered into have been provided.  Completion of a retail sale will be at the time the dealer completes set-up of the manufactured home if the dealer has agreed to provide the set-up or at the time the dealer delivers the home to a transporter, if the dealer has not agreed to transport or set up the manufactured home, or to the site if the dealer has not agreed to provide set-up.

47.    If the subject manufactured home was not completely installed or improperly installed or transported, then any warranty issued in connection with the subject manufactured home does not provide warranty service on a home which is not completely installed or has suffered transportation damages.

48.    The claims in the Complaint, including the negligent design or manufacture claims, are preempted since, *inter alia*, the National Manufactured Housing Construction and Safety Standards Act, 42 U.S.C. § 5401, *et seq.* (the "NMHCSSA") creates no private right of action in favor of purchasers of allegedly defective homes against manufacturers or sellers of

such and there exists an adequate remedy for purchasers, *i.e.*, claims for breach of warranty. *See*

*Hueur v. Forest Hill State Bank,* 728 F. Supp. 1197, 1198 (D.Md. 1989). In *Hueur v. Forest Hill*

*State Bank,* the court determined as follows:

> The statute in question does not expressly create any private cause of action in favor of purchasers. The Court is not aware of any case in which a federal or state court has held that it implies a private right of action. The Court has analyzed the matter, as stated by the Fourth Circuit's reasoned decision in *Newcome v. Esrey,* 862 F.2d 1099 (4th Cir.1988), and it finds that, applying the tests stated therein, the NMHCSSA does not imply any private right of action. Study of the legislative history of the statute, reprinted at 1974 *U.S.Code Cong. & Admin.News* 4273, *et seq.,* shows no Congressional intention at all to create a private cause of action. *See id.,* especially at 4340-41. Rather, the purpose of the legislation was to set up a federal set of manufacturing standards, to be enforced "to the maximum extent" by the States. Especially significant is the fact that consumer protection was to be achieved by warranty and recall notice provisions. There was no mention of providing a federal forum to enforce these measures. Of course, it was well known to Congress that actions for breach of warranty, based on state law, are traditional enforcement remedies for dissatisfied consumers. Because this Court cannot find any Congressional intent to imply a private remedy for purchasers of allegedly defective homes, because the basic causes of action traditionally provided by state law are adequate to remedy any claim the purchaser might have (as is evidenced by the fact that such claims have been set forth in this case in other counts of the complaint), and because the intent of the legislative scheme was primarily to establish uniformity in construction standards, this Court is of the opinion that Congress did not intend to create a private cause of action for violation of the NMHCSSA of 1974.

*Hueur v. Forest Hill State Bank,* 728 F. Supp. at 1198.

49.     Any recovery is subject to indemnity and contribution by named and unnamed

parties.

50.     There has been spoliation of evidence.

51.     All or some of the claims made in the Complaint are preempted by federal law.

52.     All claims are or may be subject to further defenses of statute of limitations,

insufficiency of process, insufficiency of service of process, lack of jurisdiction over the subject

matter, lack of jurisdiction over the person, failure to join a necessary party, improper venue, set-off; waiver, laches, estoppel, mistake, and absence of duty.

53.     If the plaintiff (whether one or more) filed for bankruptcy protection during any relevant time period, judicial estoppel is hereby plead.

54.     If the plaintiff (whether one or more) filed for bankruptcy protection during any relevant time period, equitable estoppel is hereby plead.

55.     If the plaintiff (whether one or more) filed for bankruptcy protection during any relevant time period, waiver is hereby plead.

56.     Any alleged negligent or wanton design, marketing or distributing of any product that proximately caused injury is hereby denied.

57.     It is specifically denied that there has been any breach of the Alabama Extended Manufacturer's Liability Doctrine in connection with any sale of a product as alleged in the Complaint.

58.     It is hereby denied that there has been any negligent or wanton failure to warn of any dangers associated with the use of the product made the subject of this lawsuit or any duty to so warn.

59.     It is hereby denied that the product made the subject of this lawsuit was defective, or unreasonably dangerous, when being used for its intended purposes.

60.     Any alleged damages claimed as a result of the use of the product made the subject of this lawsuit was due to the misuse of the product described in the Complaint, and said misuse was the proximate cause of the injuries.

61.     It is hereby denied that the product described in the Complaint was being used for its intended purpose, or in a proper manner, at the time of alleged injuries.

62.     Any alleged danger presented by the subject manufactured home was open and obvious to any user.

63.     The sophisticated user defense is applicable in this matter.

64.     Any negligence and wantonness claims are subsumed by the Alabama Extended Manufacturers Liability Doctrine.

65.     Each and every material allegation contained in the Complaint that has not been heretofore admitted, controverted, or denied is hereby specifically denied, and strict proof thereof is demanded in this action.

66.     All affirmative defenses as itemized in Rule 8 of the applicable Rules of Civil Procedure or that may otherwise be applicable are hereby incorporated as if fully set forth herein. In the event of further investigation or discovery reveals the applicability of any such defenses or other defenses, the right to plead such affirmative defenses as may be appropriate in this case is hereby reserved.  Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

_____
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.

**OF COUNSEL:**
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama  35259-0069
Direct Dial:     205.271.3105
Facsimile:      205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing has been served upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

by placing a copy of same in the United States Mail, postage prepaid, on this the _26th_ day of _July_____, 200_6_.

_____
OF COUNSEL