IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-642-MEF |
| | ) | (WO) |
| CHAMPION ENTERPRISES, INC., *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This case was filed in the Circuit Court of Barbour County on June 19, 2006 and was removed to this Court on July 19, 2006. It is presently before the Court on Defendant Champion Enterprises, Inc.'s (hereinafter "Champion") Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. # 5) filed on July 26, 2006. Champion alleges that Plaintiff has failed to state a claim upon which relief may be granted and that the Court lacks personal jurisdiction over Champion. In his response to the motion (Doc. # 7), Plaintiff states that because the case was so recently filed and removed, no discovery has been conducted, thus Plaintiff cannot adequately oppose the motion. Plaintiff requests that the Court either deny the motion or continue the hearing on summary judgment until proper discovery can be had.

Since Champion submitted an affidavit with its motion, pursuant to Federal Rule of Civil Procedure 12(b), the Court is required to construe the portion of the motion asserting a Rule 12(b)(6) claim to be a motion for summary judgment.[1] Fed. R. Civ. P. 12(b). That

---

[1] Rule 12(b) provides, in relevant part:

is, Champion's claim that Plaintiff has failed to state a claim upon which relief can be granted will be considered a motion for summary judgment. As such, it is hereby ORDERED that the motion is DENIED at this time as premature, with leave for Champion to refile at a later point in the case if it so chooses.

On the other hand, the Court need not treat Champion's personal jurisdiction claim as a motion for summary judgment because it is brought pursuant to Rule 12(b)(2), not Rule 12(b)(6). *See Region 8 Forest Serv. Timber Purchasers v. Alcock*, 993 F.2d 800, 807 n.8 (11th Cir. 1993). Thus, the Court will consider this claim a motion to dismiss for lack of personal jurisdiction. As to this motion, the Court construes Plaintiff's response as a request for time to conduct discovery prior to responding to the motion. Since a claim that the Court lacks personal jurisdiction requires the Court to make findings of fact, *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), Plaintiff's request for discovery is GRANTED. Plaintiff may conduct limited discovery only on the issue of personal jurisdiction and shall then respond to Champion's motion to dismiss on or before September 25, 2006. Champion may file a reply to Plaintiff's response on or before October 2, 2006.

DONE this the 24th day of August, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . .

Fed. R. Civ. P. 12(b).