IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 2:06-CV642-MEF |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.* | * | |
| | * | UNOPPOSED |
| Defendants. | * | |

## MOTION FOR PROTECTIVE ORDER

**COME NOW**, the defendants and move this Honorable Court to enter the Stipulated Protective Order-Confidentiality attached hereto and in support thereof states as follows:

1.  A Request for Production of Documents has been filed in this matter seeking confidential, commercial and financial information.

2.  Specifically, the requests include, but are not limited to the following:

    a. "All documents concerning common administrative or corporate governance policies, standard operating procedures, guidelines. . ." (Request No. 3).

    b. "All documents concerning corporation financing by and between Champion and the relevant subsidies of the Champion Group." (Request No. 4).

    c. "All documents concerning capitalization of the relevant corporation of the Champion Group by Champion." (Request No. 5).

    d. 'All documents concerning business exchanged or referred to or from Champion and the relevant subsidiary of the Champion Group." (Request No. 8).

1

e. "All documents concerning common and/or consolidated financial and/or centralized accounting and/or computer systems within the Champion Group." (Request No. 14).

f. "All documents concerning the documented and undocumented transfers of funds and/or resources between Champion and the relevant subsidiary corporations and entities comprising the Champion Group." (Request No. 15).

g. "All documents concerning the extent, nature and details of internet communications, inquiries and/or contacts received or sent by and between Champion and persons who live in Alabama or who indicated an Alabama residence or Alabama address in connection with or arising out of Champion's website(s)." (Request No. 18).

h. "All documents concerning any contracts bid on, offered, awarded or entered into for the construction of manufactured housing or modules to be used or delivered for use in Alabama wherein Champion officers or directors or employees participated in the contract promotion, negotiation, approval process or fulfilling any obligations under the terms of said contracts." (Request No. 20).

i. "All documents concerning, any and all business, litigation activity, and/or dealings with any state or local government officials, entity or subdivision . . ."; and

j. "All documents concerning marketing programs, lead management software, technology and/or internet initiatives, sales and/or management training programs and/or sponsored or provided by Champion . . ."; (Request No. 22).

3.  It is also anticipated that during the course of the litigation, trade secrets or other confidential research, development, commercial or financial information from the defendants will also be sought (all such above requested information is hereinafter referred to as "Confidential Information").

4.  Without a protective order, defendants will be subjected to damages and a competitive disadvantage if such Confidential Information is not protected from further disclosure. This is especially true in this case since other similar matters are pending against other manufacturers that are in direct competition with defendants.

5.  In order to facilitate the free discovery of information without document-by-document controversy concerning confidentiality; to protect the parties to this action from undue annoyance, embarrassment, and oppression resulting from public disclosure, or use for purposes other than this litigation, of confidential information that the parties will disclose in discovery; and to protect the commercial value of the parties' trade secrets and confidential research, development and other information the entering of the attached Stipulated Protective Order-Confidentiality is necessary.

6.  Counsel for the plaintiff does not oppose the motion and has consented to the entering of the attached Stipulated Protective Order-Confidentiality.

**WHEREFORE, PREMISES CONSIDERED,** defendants pray that the attached Stipulated Protective Order-Confidentiality be entered and for such other or further relief as is just.

Respectfully submitted,

RITCHEY & RITCHEY, P.A.

_____
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.
and Champion Enterprises, Inc.

**OF COUNSEL:**
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:    205.271.3105
Facsimile:     205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 28th day of Sept., 200 6, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 2:06-CV642-MEF |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.* | * | |
| | * | |
| Defendants. | * | |

### STIPULATED PROTECTIVE ORDER - CONFIDENTIALITY

Upon consideration of the unopposed request that an order regarding confidentiality be entered, and this Honorable Court finding good cause that the entry of the following <u>Stipulated Protective Order - Confidentiality</u> is necessary in order to facilitate the free discovery of information without document-by-document controversy concerning confidentiality; to protect the parties to this action from undue annoyance, embarrassment, and oppression resulting from public disclosure, or use for purposes other than this litigation, of confidential information that the parties will disclose in discovery; and to protect the commercial value of the parties' trade secrets and confidential research, development and other information; it is

**THEREFORE ORDERED, ADJUDGED AND DECREED** that the following Protective Order be entered pursuant to *Federal Rule of Civil Procedure* 26(c):

    a.    Any and all documents produced by the parties to any another party in the course of the above captioned litigation shall be presumed to contain Confidential Information;

    b.    The disclosure, production and/or dissemination of Confidential Information shall be limited to (1) attorneys performing services for the parties in this case and necessary legal assistants and secretarial and clerical personnel assisting such counsel; (2) the court;

(3) individuals who are parties and/or witnesses in this case; and (4) consultants and experts retained by such parties for purposes of this litigation;

c.      The use of Confidential Information shall be limited to the prosecution and defense of claims in this litigation only and shall not be disclosed to any other person or entity, or disseminated or distributed for any other purpose, unless otherwise ordered by the Court or with the written consent of the producing party;

d.      A copy of the Protective Order entered by the Court limiting the disclosure, production and/or dissemination of Confidential Information shall be given to each and every person to whom Confidential Information is disclosed, produced and/or disseminated by the attorney disclosing, producing and/or disseminating Confidential Information to such person;

e.      Within 90 days of the conclusion or termination of this litigation all documents containing Confidential Information and all copies thereof shall be returned to the producing party, or with the written consent of the producing party, shall be certified as destroyed by the person who received the Confidential Information.

Done this the _____ day of _____, 20____.

**IT IS SO ORDERED:**

_____
District Court Judge