IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 2:06-CV642-MEF |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.* | * | |
| | * | |
| Defendants. | * | |

## MOTION TO STRIKE

**COMES NOW**, Champion Enterprises, Inc. (hereinafter referred to as "CEI"), by and through counsel of record, and moves this Honorable Court to strike portions of Plaintiff's Response to Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (hereinafter referred to as "Plaintiff's Response"), including inappropriately submitted exhibits and any and all references to such inappropriate exhibits in Plaintiff's Response and in support thereof states as follows:

1.  In this Honorable Court's Memorandum Opinion and Order (Doc. No. 8) entered the 24th day of August, 2006, CEI's summary judgment motion was denied as premature, with leave for CEI to later refile, and the plaintiff was allowed to "conduct limited discovery *only* on the issue of personal jurisdiction" and "respond to Champion's motion to dismiss on or before September 25, 2006."[1] (Emphasis added).

2.  During the deposition of CEI's corporate representative, which is attached as Exhibit "A" to Plaintiff's Response and incorporated herein by reference, an agreement was

---

[1] By Order dated the 1st day of September, 2006 (Doc. No. 10), Plaintiff's time to respond to Champion's motion was enlarged to the 28th day of November, 2006.

1

reached for CEI's corporate representative to be deposed in several matters "within the parameters of the orders that [are] out there." (Ex. A to Plaintiff's Response, p. 7, 5-17).

3.  It is clear that *only* those parts of the deposition and exhibits related to the issue of personal jurisdiction can be utilized in this case. Therefore, any and all portions of Plaintiff's Response (specifically, pages 1 through the top of page 18 and the middle of page 22 to the end) and any and all evidence submitted, (specifically, all portions of Ex. A and all remaining exhibits, including Exhibits B, C, and E through GG,[2,3] which do not directly relate to the personal jurisdiction issue) are due to be stricken since said portions do not relate *only* to the personal jurisdiction issue pursuant to this Court's Order.[4]

---

2 It is respectfully submitted that in addition to the arguments set forth herein, Exhibits E, F, G and H are also due to be stricken as they only relate to a non-party and are irrelevant and immaterial in this action.

3 Several documents were introduced at the deposition of CEI's corporate representative and upon information and belief, Exhibits Y and Z to Plaintiffs' Response (Exhibits 13 and 14 to CEI's corporate representative's deposition) were produced in another matter, *Guidroz v. Champion Enterprises, Inc., et al.,* pending in the United States District Court, Western District of Louisiana, Lafayette/Opelousas Division, CV05-1148. The documents produced in the *Guidroz* matter were confidential and subject to a Protective Order (Doc. No. 23) stating that "[t]he use of Confidential Information *shall be limited to the prosecution and defense of claims in this litigation only* and shall not be disclosed to any other person or entity, or disseminated or distributed for any other purpose, unless otherwise ordered by the Court or with the written consent of CEI." (Emphasis added). CEI has not given any written consent for such documents to be used in other matters nor is it aware of an Order by the Court allowing such disclosure. It is respectfully submitted that the introduction of such documents in this matter during the deposition of CEI's corporate representative, or in response to any motion, may be in violation of said Protective Order. An objection was made to the use of any documents produced in *Guidroz* matter being used in other matters. (Ex. A to Plaintiffs' Response, p. 20, 7-25; p. 21, 1-25; p. 22, 1-8). One such document was withdrawn. (Ex. A to Plaintiff's Response, p. 92, 6-11).

4 The plaintiff is also precluded from claiming any perceived need to make alter ego arguments to support any personal jurisdiction argument. If the plaintiff disagreed with this Court's previous order limiting discovery and future arguments to the personal jurisdiction issue, the plaintiff could have requested the order to be altered or amended. No such request was filed.

**WHEREFORE PREMISES CONSIDERED**, CEI prays that this Honorable Court will strike all portions of Plaintiff's Response and evidence submitted therewith which does not relate only to the personal jurisdiction issue and for such other or different relief as is just.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

_____
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Enterprises, Inc.

**OF COUNSEL:**
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama  35259-0069
Direct Dial:    205.271.3105
Facsimile:     205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 4th day of December, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

_____
OF COUNSEL

3