IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RALPH BROWN, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case Number: ) 2:06-CV642-MEF |
| CHAMPION ENTERPRISES, INC., et al. | ) ) ) |
|     Defendants. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE

**COMES NOW,** the Plaintiff by and through his undersigned counsel of record, and hereby responds to Defendant Champion Enterprises, Inc.'s Motion to Strike and respectfully requests this Honorable Court to deny the same, and as grounds therefore, the Plaintiff would state the following:

1. The Defendant is seeking to have this Honorable Court strike certain exhibits and portions of Plaintiff's Response to Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

2. Specifically, the Defendant, Champion Enterprises, Inc. asserts that portions of Plaintiff's response and Exhibits thereto do not address the issue of personal jurisdiction.

3. Plaintiff asserts his entire response relates to the issue of personal jurisdiction. The portions of Plaintiff's Brief that the Defendant would have this court strike, addresses Plaintiff's allegations of alter-ego. Establishing the fact that Champion Enterprises, Inc. is the alter-ego of its subsidiary companies is

one way in which the law recognizes that personal jurisdiction can be established.

4. In *Perry v. Household Retail Services, Inc.*, 953 F Supp 1378 (1996), Judge Dement addressed an identical situation. The Defendant, Household International filed a Motion to Dismiss, or for Summary Judgment, on the issue of personal jurisdiction. The Plaintiff argued that Household International was the alter-ego of its subsidiary, Household Retail Services, Inc., and therefore the court had personal jurisdiction over the parent corporation, Household International. Judge Dement found in favor of the Plaintiffs and denied Defendant's Motion to Dismiss, and Motion for Summary Judgment.

5. The cases of *Home Bingo Network, Inc., v. Chayevsky* 428 F Supp 2nd 1232 (2006), *Minnesota Mining and Manufacturing Company v. Eco Chem, Inc.,* 757 F 2nd 1256 (1985), *Microsys Computing, Inc., v. Data Systems, LLC,* 2006 WL 2225821 ND Ohio (2006), *Flynn v. Greg Anthony Construction Company, Inc.*, 95 Fed Appx at 736 and *Network Enterprises, Inc., v. APX Offshore Productions, Inc.,* 2003 WL124521 S.D.N.Y. 2003, are all cases that stand for the proposition that establishing alter-ego is a way in which a court can impute personal jurisdiction from the subsidiary to the parent.

6. It is an undisputed fact that the subsidiaries of Champion Enterprises, Inc. have sufficient contacts with the state of Alabama. The Defendant, Champion Enterprises, Inc., did not deny the court has personal jurisdiction over its subsidiaries. Plaintiff respectfully submits his response has

sufficiently established that Champion Enterprises, Inc. is the alter-ego of its subsidiaries, and therefore, on that basis alone, personal jurisdiction exists.

Wherefore, based upon the above stated premises, the Plaintiff would respectfully request this Honorable Court to deny Defendant Champion Enterprises, Inc.'s Motion to Strike.

/s/ C. Gibson Vance
C. Gibson Vance (ASB-1923-N77C)

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following.

Gregory S. Ritchey, Esquire
Richard S. Walker, Esquire
Ritchey & Ritchey, P.A.
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
greg@ritcheylaw.com
richard@ritcheylaw.com

                              /s/ C. Gibson Vance
                              OF COUNSEL