IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **RALPH BROWN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case Number:  2:06-CV642-MEF** |
| | * | |
| **CHAMPION ENTERPRISES, INC.,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |

## RESPONSE TO MEMORANDUM OPINION AND ORDER

**COMES NOW**, Champion Enterprises, Inc. (hereinafter referred to as "CEI"), by and through counsel of record, and in response to this Court's Memorandum Opinion and Order dated the 18th day of September, 2006 (Doc. #20), states as follows:

1.      The Protective Order proposed by defendants on the 28th day of September, 2006 (Doc. #12) and entered by this court on the 3rd day of October, 2006 (Doc. #15) contains substantially the same provisions as the Protective Orders entered in the following matters and covering similar documentation:   *Terry Deese v. Champion Enterprises, Inc., et al.,* United States District Court for the Middle District, Southern Division, 1:06-CV-643 MHT (Doc. No. 18), *Jerry Allen v. Champion Enterprises, Inc.,* United States District Court for the Middle District, Southern Division, 1:06-CV-00681-MEF-SRW (Doc. No. 13), *Nicholas Strickland, et al. v. Champion Enterprises, Inc.,* United States District Court for the Middle District, Southern Division, 1:06-CV-00682-DRB (Doc. No. 17) and *Guidroz. v. Champion Enterprises, Inc., et al.,* United States District Court, Western District of Louisiana, Lafayette/Opelousas Division, CV05-1148.

1

2.      Prior to submitting the Motion for Protective Order, counsel for CEI attempted to reach an agreement with regard to another proposed protective order, a true and correct copy of the correspondence and the other proposed protective order sent to counsel for plaintiffs is attached hereto as Exhibit "A" and made a part hereof by reference.  Counsel for plaintiff could not agree on the provisions in the proposed protective order contained in Ex. A and would only agree to a protective order similar to the one entered in the *Guidroz* matter referenced above. True and correct copies of pertinent portions of e-mails reflecting the above are attached hereto as Exhibit "B" and made a part hereof by reference.

3.      The protective order proposed to plaintiff by CEI (Ex. A) would have allowed CEI to mark only specific documents confidential and only move to seal those select documents. The Protective Order insisted upon by plaintiff is broad and directs that all documents produced in the course of litigation be presumed to contain confidential information.  (Ex. B).

4.      CEI respectfully submits that it moved to seal the exhibits to its Reply to Plaintiff's Response to CEI's Motion to Dismiss (Doc. #18) to comply with the Protective Order entered in this matter, but would not have marked these documents confidential under the protective order it proposed (Ex. A).

5.      However, CEI would have marked as confidential Exhibits D, E, F, G, H, X, Y, Z, AA, BB, CC, DD, and EE that were produced by plaintiffs and attached to Plaintiff's Response to Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment.  The above documents include information that is confidential, proprietary and/or trade secrets as more fully described below:

a.      Exhibits D, E, F, G, H, X, Y and Z are minutes from corporate meetings, which are highly confidential and proprietary as they contain information

2

related to corporate activities and strategies that if known in the manufactured housing community, could give other manufacturers a competitive advantage. Information in the minutes is not generally known in the industry in which CEI is engaged, and includes information relating to its corporate strategies and business. Such information is a valuable, special, and unique asset of CEI and contains confidential commercial information.

b.    Exhibits AA, BB, CC, DD, and EE contain job descriptions, listing of duties, responsibilities and delegation of authority which are highly confidential and proprietary as they contain information related to corporate activities, duties of officers and delegation of authority that if known in the manufactured housing community, could give other manufacturers a competitive advantage. Such information is not generally known in the industry in which CEI is engaged, and includes information relating to information developed by CEI by itself or in conjunction with its accounting firm or such other parties. Such information is a valuable, special, and unique asset of CEI and contains confidential commercial information.

6.    The manufactured home industry is an extremely competitive industry and without protection that the documents produced in discovery would be kept confidential, CEI could suffer serious damages. The documents mentioned above include information that CEI has invested considerable time, expense and manpower in developing. These documents would disclose how CEI conducts its business, its business strategy and it goals. Because these

documents are of such a sensitive nature and contain trade secret information, they must be kept confidential by sealing them from public view.

      **WHEREFORE, PREMISES CONSIDERED,** CEI prays that this Honorable Court will seal Exhibits D, E, F, G, H, X, Y, Z, AA, BB, CC, DD, and EE that were attached to Plaintiff's Response to Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment and for such other or different relief as is just.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.
and Champion Enterprises, Inc.

**OF COUNSEL:**
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama  35259-0069
Direct Dial:    205.271.3105
Facsimile:      205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the _28th_ day of _December_____, 200 _6_ , I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

OF COUNSEL



RITCHEY & RITCHEY, P.A.
A PROFESSIONAL ASSOCIATION
1910 28TH AVENUE SOUTH
BIRMINGHAM, ALABAMA 35209-2604
e-mail: info@ritcheylaw.com

FERRIS S. RITCHEY, JR.
ALBERT E. RITCHEY
GEORGE M. RITCHEY
GREGORY S. RITCHEY
RICHARD S. WALKER
NICHOLAS J. RITCHEY

MAILING ADDRESS:
P.O. DRAWER 590069
BIRMINGHAM, AL 35259-0069

TELEPHONE 205/271-3100
FACSIMILE 205/271-3111

DIRECT DIAL:

September 15, 2006

greg@ritcheylaw.com

(205) 271-3105

C. Gibson Vance, Esquire
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL  36103

**RE:**  **Ralph Brown v. Champion Enterprises, Inc., et al**
**Serial No. :  011-05-808-22137A/B**
**Case No.:      2:06-cv-642-MEF**
**Our File No.: 3008.0011**

Dear Gibson:

Please find enclosed a copy of the initial responses to the discovery propounded to Champion Enterprises, Inc. and a proposed Stipulated Protective Order-Confidentiality, which this office has already signed.  We forwarded the discovery to our client along with your correspondence requesting available dates for a deposition.  Prior to disclosure of protected information being requested, we will need to get a protective order entered with the court. Provided you do not have any problems with the Stipulated Protective Order-Confidentiality, we ask that you please sign it at your convenience and file it with the court.

If you have any questions or would like to discuss the above, please feel free to call.

Yours very truly,

RITCHEY & RITCHEY, PA

Gregory S. Ritchey

GSR/gs
Enclosures
CC:    David N. Goltz, Esquire
         Nancy L. Meidell, Litigation Manager

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **RALPH BROWN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case Number: 2:06-CV642-MEF** |
| | * | |
| **CHAMPION ENTERPRISES, INC., *et al.*** | * | |
| | * | |
| **Defendants.** | * | |

<u>**STIPULATED PROTECTIVE ORDER - CONFIDENTIALITY**</u>

Upon consideration of the request that an order regarding confidentiality be entered, and this Honorable Court believing that entry of the following <u>Stipulated Protective Order - Confidentiality</u> is necessary in order to facilitate the free discovery of information without document-by-document controversy concerning confidentiality; to protect the parties to this action from undue annoyance, embarrassment, and oppression resulting from public disclosure, or use for purposes other than this litigation, of confidential information that the parties will disclose in discovery; and to protect the commercial value of the parties' trade secrets and confidential research, development and other information; it is

**THEREFORE ORDERED, ADJUDGED AND DECREED** that the following Protective Order be entered pursuant to *Federal Rule of Civil Procedure* 26 (c):

1.      Except as otherwise provided in this Order, documents produced in this action, interrogatory answers, responses to requests to admit, and deposition testimony taken in this action, including any information contained in such discovery materials, shall be used only for the prosecution or defense of this case.  The parties may claim as confidential any document produced, interrogatory answer, response to request to admit, or deposition testimony taken in this action, including any information contained in such discovery material by marking or identifying, in good faith, a document, answer, response, testimony or other information with the word "CONFIDENTIAL" on the first page of the document.  In the event certain documents

1

previously produced are later deemed to be CONFIDENTIAL, the producing party can request that such documents be included within the terms of this Protective Order, as of the date of such request.

2.    All CONFIDENTIAL information which has been obtained or learned from an adverse party, including its agents, employees, representatives, and retained experts and consultants, whether currently or formerly employed by the party, shall be held in confidence by the party obtaining such information, including counsel of record, employees and other attorneys in counsel's firm and shall be used only for the prosecution or defense of this case. The terms of this Protective Order govern only CONFIDENTIAL information so designated by a party in connection with this litigation, and are not intended to govern any documents or information of any type obtained from a source other than a party (including the persons enumerated above). That a party producing CONFIDENTIAL information produces or has produced such information in another action or proceeding shall not constitute a waiver of the protection of this Protective Order with respect to the information so designated in this action.

3.    All CONFIDENTIAL information shall be held in confidence by counsel of record who shall not release, disclose, or disseminate any such information except to parties, employees of the law firm of counsel of record, and to a party's agents, employees, and retained experts, consultants who are charged with the responsibility for or are actively engaged in the litigation of this case. In-house counsel for the parties shall be treated as counsel of record for the purposes of this Order. Except as otherwise provided in this Order, all persons receiving CONFIDENTIAL information shall agree to be bound by the terms of this Protective Order and not disclose any CONFIDENTIAL information.

4.    Except as otherwise provided in this Order, any person who is to receive CONFIDENTIAL information must, prior to any such dissemination, receive, read, and execute a copy of this Protective Order and Exhibit "A" hereto, and agree to be bound by the terms of this Protective Order and to be personally subject to the jurisdiction of this Court or corresponding Court for the purposes of enforcement hereof by the execution of a copy of Exhibit "A" hereto, which,

2

in pertinent part states the following:

> I, (name), understand that documents and information which are to be disclosed to me by counsel of record for (name of party) are to be used by me solely to assist such counsel in the prosecution or defense of claims involved in or related to the action styled ***Ralph Brown v. Champion Enterprises, Inc., et al.,*** **Case No.: 2:06-CV642-MEF**, pending in Middle District of Alabama, Northern Division. I further understand that a Protective Order has been entered, a copy of which has been shown to me, prohibits me from either using such documents and information for any other purpose other than the prosecution or defense of this case or disclosing such documents and information for any other purpose or disclosing such documents and information to any person other than counsel of record for (name of party) or persons assisting them. I agree that if I receive any documents marked CONFIDENTIAL, that I will not with anyone other than counsel for a party or other person that is also bound by the terms of the Protective Order in this case where necessary for the purpose of prosecuting, or defending the case, divulge, discuss or otherwise disclose the substance or existence of the documents or other information designated as CONFIDENTIAL information or make copies, prints, negatives, or summaries thereof, without the prior written consent of the party originally furnishing such document in discovery. I further agree to return any CONFIDENTIAL information at the close of this litigation pursuant to the terms of this Protective Order. In accepting such disclosure, I agree to be bound by the Protective Order and submit to the personal jurisdiction of the Court and any corresponding Court for the purposes of its enforcement or with regard to any matter relating to or arising out of this agreement and I acknowledge that I have read this agreement and understand its terms. I further acknowledge that I may be subjected to sanctions by the Court or any corresponding Court if I fail to comply with the Protective Order.

Copies of these declarations shall be filed with the Court and served on all counsel of record no later than five (5) days after disclosure of the CONFIDENTIAL information to the person executing the declaration. Although the confidentiality requirements of this Protective Order shall in all other respects apply to the following persons, such declarations shall not be required of:

   a.    Counsel of record presently employed and legal, paralegal, clerical, secretarial, and other persons employed by counsel of record for any party on a regular basis, and solely for the purposes of this instant litigation;

   b.    The parties, or their employees, officers and directors, to the extent such disclosure is necessary for the carrying out of their respective duties in connection

3

with this litigation;

c.        Court personnel; and

d.        Court reporters and videographers.

5.        Nothing in this Order shall be construed to prejudice a party's right to use CONFIDENTIAL information in the taking of testimony at any deposition, hearing, arbitration or trial in this action, or in defending against testimony offered by another party, or in oral or written argument. CONFIDENTIAL information may be shown to any witness in preparation for such deposition, hearing or trial and at such deposition, hearing, arbitration or trial. Such disclosure however, shall not operate as a waiver of confidentiality.

6.        CONFIDENTIAL information to be filed with the Court by any party to this action and all items which reveal the contents of such CONFIDENTIAL information, shall be filed in sealed envelopes or other appropriately sealed containers on which shall bear a legend substantially in the following form:

> "PROTECTED DOCUMENT- The enclosed materials are subject to a Protective Order of the Court in the action styled *Ralph Brown v. Champion Enterprises, Inc., et al.,* **Case No.:    2:06-CV642-MEF,** pending in Middle District of Alabama, Northern Division. This envelope may not be opened without a Court Order by any person other than this Honorable Court, the Court's personnel or Counsel of Record."

Inadvertent disclosure of any document to be so filed or served shall not operate as a waiver of confidentiality.

7.        If any CONFIDENTIAL information is not believed to be confidential by the party receiving it, the receiving party may at any time notify the disclosing party and request a release of confidentiality. If such release is not forthcoming in writing within the (10) days, the receiving party may apply to the Court for an order requiring the release of confidentiality. Until this Court enters an order changing the designation, CONFIDENTIAL, information shall be given the confidential treatment provided for in this Protective Order. Nothing contained herein shall alter the burden that would otherwise apply to any party's obligation in such motion or

4

opposition to establish the propriety of allowing or preventing disclosure.

8.     In addition, each identified individual to whom CONFIDENTIAL information has been disclosed shall likewise provide an executed copy of Exhibit "B" hereto which states that he or she complied with the provisions of this Protective Order, confirms his or her return of all CONFIDENTIAL information to plaintiffs' counsel, identifies each additional person to whom such individuals have given, shown, or otherwise divulged any of the Confidential Information, and confirms the return of all Confidential Information to plaintiffs' counsel from all such other identified individuals.  Any person outside of this lawsuit to whom CONFIDENTIAL information has been transmitted as described above shall return such materials to Defendants' counsel in this action and also execute Exhibit "B" hereto consistent with this provision within 30 days of the conclusion of any arbitration, trial and appeals, satisfaction of any judgment, or upon the conclusion of any settlement of this case.

9.     Plaintiffs' counsel shall maintain a list of the names of all persons to whom the information is disclosed until such time as all materials covered by this Protective Order are returned to counsel for Defendant as set forth in this Protective Order.  Plaintiffs' counsel may not share materials designated as CONFIDENTIAL information with any other counsel not presently of record in this case.

10.     All discovery materials designated as CONFIDENTIAL pursuant to this Order shall be maintained in the custody of the parties' counsel of record.  Within sixty (60) days after settlement or entry of a final, non-appealable judgment in this action, CONFIDENTIAL material and all copies of CONFIDENTIAL material produced in this action shall be returned to the producing party, and all summaries, digests, and synopses of the CONFIDENTIAL material shall be destroyed.    Within said sixty (60) day period, counsel of record receiving CONFIDENTIAL material shall return such materials to Defendant's counsel in this action and also execute Exhibit "C" hereto confirming the names of those individuals receiving CONFIDENTIAL material and agreeing to the terms of and to be bound by this Protective Order and their return of such CONFIDENTIAL material.

5

11.     Nothing in this Order shall be construed as a waiver by any party of any legally cognizable privilege or basis to withhold any document or information, or any right which any party may have to assert such privilege or basis.

12.     Nothing in this Order shall be construed to restrict disclosures of any information obtained through discovery to any person who in the course of his business duties had previously prepared, received, or had access to such information.

13.     This Protective Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms, as the scope of discovery dictates.

14.     Nothing in this Order shall restrict disclosure of any CONFIDENTIAL information to any government agency as required by law or regulation.

Done this the _____ day of _____, 20____.

**IT IS SO ORDERED:**

_____
District Court Judge

Agreed to and Accepted:

**BEASLEY, ALLEN, CROW,**                    **RITCHEY & RITCHEY, P.A.**
**METHVIN, PORTIS & MILES, P.C.**

_____     _____
C. Gibson Vance, Esquire {ASB-1923-N77C}     Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Counsel for Plaintiffs                    Richard S. Walker, Esquire {ASB-8719-L70R}
                                        Counsel for Champion Home Builders Co.
                                        and Champion Enterprises, Inc

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH BROWN, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Case Number: 2:06-CV642-MEF |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.* | * | |
| | * | |
| **Defendants.** | * | |

## ACKNOWLEDGEMENT OF RECEIPT OF PROTECTIVE ORDER OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND THEREBY

I, _____,

understand that documents and information which are to be disclosed to me by counsel of record

for _____ are to be used by me

solely to assist such counsel in the prosecution or defense of claims involved in or related to the

action styled *Ralph Brown v. Champion Enterprises, Inc., et al.,* Case No.: 2:06-CV642-

MEF, pending in Middle District of Alabama, Northern Division. I further understand that a

Protective Order entered by the Court, a copy of which has been shown to me, prohibits me from

either using such documents and information for any other purpose other than the prosecution or

defense of this case or disclosing such documents and information for any other purpose or

disclosing such documents and information to any person other than counsel of record stated

above or persons assisting them. I agree that if I receive any documents marked CONFIDENTIAL,

that I will not with anyone other than counsel for a party or other person that is also bound by the

terms of the Protective Order in this case where necessary for the purpose of prosecuting, or

defending the case, divulge, discuss or otherwise disclose the substance or existence of the

1

documents or other information designated as CONFIDENTIAL information or make copies, prints, negatives, or summaries thereof, without the prior written consent of the party originally furnishing such document in discovery.  I further agree to return any CONFIDENTIAL information at the close of this litigation pursuant to the terms of this Protective Order.  In accepting such disclosure, I agree to be bound by the Protective Order and submit to the personal jurisdiction of the aforesaid Court or corresponding Court for the purposes of its enforcement or with regard to any matter relating to or arising out of this agreement and I acknowledge that I have read this agreement and understand its terms.  I further acknowledge that I may be subjected to sanctions by the Court or corresponding Court if I fail to comply with the Protective Order.

Done this _____ day of _____, 20____.


_____
Signature


_____
Print Name


_____
Print Address

2

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **RALPH BROWN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case Number:  2:06-CV642-MEF** |
| | * | |
| **CHAMPION ENTERPRISES, INC.,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |

## CONFIRMATION OF RETURN
## OR DESTRUCTION OF CONFIDENTIAL INFORMATION

I, _____,

understand and confirm that documents and information disclosed to me by counsel of record for

_____ were to be used by me solely

to assist such counsel in the prosecution or defense of claims involved in or related to the action

styled *Ralph Brown v. Champion Enterprises, Inc., et al.,* Case No.:  **2:06-CV642-MEF,**

pending in Middle District of Alabama, Northern Division.  I further understand that the

Protective Order entered by the Court, a copy of which was shown to me, prohibited me from

either using such documents and information for any other purpose other than the prosecution or

defense of this case or disclosing such documents and information for any other purpose or

disclosing such documents and information to any person other than counsel of record stated

above or persons assisting them.  I previously agreed that if I received any documents marked

CONFIDENTIAL, that I would not with anyone other than counsel for a party or other person that is

also bound by the terms of the Protective Order in this case where necessary for the purpose of

prosecuting, or defending the case, divulge, discuss or otherwise disclose the substance or existence

1

of the documents or other information designated as CONFIDENTIAL information or make copies, prints, negatives, or summaries thereof, without the prior written consent of the party originally furnishing such document in discovery.  I further agreed to return any CONFIDENTIAL information at the close of this litigation pursuant to the terms of this Protective Order.  In accepting such disclosure, I agreed to be bound by the Protective Order and submit to the personal jurisdiction of the aforesaid Court or corresponding Court for the purposes of its enforcement or with regard to any matter relating to or arising out of this agreement and I acknowledged that I read the agreement and understood its terms.  I further acknowledged that I may be subjected to sanctions by the Court or corresponding Court if I failed to comply with the Protective Order.

As an alternative to returning the CONFIDENTIAL material, I have been given the option of shredding and destroying the information designated as CONFIDENTIAL, along with any copies, prints, negatives, summaries, digests, and synopses of the CONFIDENTIAL material.  I hereby certify that on this date I have _____ RETURNED or _____ SHREDDED AND DESTROYED all information designated as CONFIDENTIAL, along with any copies, prints, negatives, summaries, digests, and synopses of the CONFIDENTIAL material.

I further hereby certify, declare, swear and affirm that I have fully complied with all provisions of the Protective Order-Confidentiality, that I have not kept any CONFIDENTIAL material or copies, summaries, etc. of the CONFIDENTIAL material nor have I given, disclosed or otherwise disseminate such CONFIDENTIAL material.

Done this _____ day of _____, 20____.

_____
Signature

_____
Print Name

2

_____

_____

Print Address


STATE OF _____    )
                              )    **A C K N O W L E D G E M E N T**
_____ COUNTY  )

     I, the undersigned, a Notary Public in and for said County and State, hereby certify that

_____, individually  or  as  _____  for

_____, whose name is signed to the foregoing,

and who is known to me, acknowledged before me on this date that, being informed of the

contents of the instrument, he, individually or as such officer and with full authority, executed

the same voluntarily for and as the act of said corporation.

     Given under my hand and official seal this____ day of _____,

200____.

                                _____

                                Notary Public
                                My Commission Expires:_____

3

EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **RALPH BROWN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case Number: 2:06-CV642-MEF** |
| | * | |
| **CHAMPION ENTERPRISES, INC.,** *et al.* | * | |
| | * | |
| **Defendants.** | * | |

## CONFIRMATION OF RETURN OF CONFIDENTIAL INFORMATION

I, _____, certify that the following is true and

correct:

      1.     My full name and business are:

           _____

           _____

           _____

      2.     I hereby declare that I have fully complied with all provisions of the Protective

Order of Confidentiality dated _____, 200____.

      3.     I have given, shown, or otherwise divulged Confidential Information, as defined

by the Protective Order, to the following individuals:

           NAME:      _____

           ADDRESS:   _____

                             _____

           PHONE:     _____

4

NAME: _____

ADDRESS: _____

_____

PHONE: _____

[See attachment for additional names, if necessary]

    4.    I confirm that the above-listed individuals have returned or shredded and destroyed all Confidential Information within 30 days of the completion of this matter and have signed a Confirmation of Return or Destruction of Confidential Information.

    5.    I confirm that I have returned all Confidential Information to Defendant's counsel in this action within 60 days of the completion of this matter.

This the _____ day of _____, 200_____.

_____
Signature

**STATE OF** _____ )
                           )    **A C K N O W L E D G E M E N T**
_____ **COUNTY** )

    I, the undersigned, a Notary Public in and for said County and State, hereby certify that _____, individually or as _____ for _____, whose name is signed to the foregoing, and who is known to me, acknowledged before me on this date that, being informed of the contents of the instrument, he, individually or as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

5

Given under my hand and official seal this_____ day of _____,
200_____.

_____
Notary Public
My Commission Expires:_____

## Richard Walker

| | |
|---|---|
| **From:** | Greg Ritchey |
| **Sent:** | Monday, September 18, 2006 5:29 PM |
| **To:** | 'Gibson Vance' |
| **Subject:** | RE: Strickland v. Champion Enterprises, Inc. |

Gibson, we have no intention of marking everything confidential–If we mark something you think is not confidential, there are provisions to get it changed.   The reason for having the exhibits is so that you do not have to reinvent the wheel with regard to typing everything up and getting signatures, etc.  Just copy it for each expert (so far I have seen only two) and you are ready to go.  Please take a good look at the protective order tonight or tomorrow morning and let me know if we can work something out.    Thanks

/s/ Gregory S. Ritchey, Esquire
RITCHEY & RITCHEY, P.A.
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:       205.271.3105
Facsimile:         205.271.3111

THIS E-MAIL MESSAGE AND ANY ATTACHMENT IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED ABOVE. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

-----Original Message-----
From: Gibson Vance [mailto:gibson.vance@beasleyallen.com]
Sent: Monday, September 18, 2006 5:12 PM
To: Greg Ritchey
Subject: RE: Strickland v. Champion Enterprises, Inc.

        One big problem I have is that there is no doubt I would eventually, inadvertently, violate the order you propose. Filing everything under seal is a hassle, getting everyone to sign all those agreements, etc. is overly burdensome. I could understand your client wanting some documents to be confidential, such as how they build their homes, etc...but what ya'll will do is mark everything confidential, and it will be one big headache.

-----Original Message-----
From: Greg Ritchey [mailto:greg@ritcheylaw.com]
Sent: Monday, September 18, 2006 5:01 PM
To: Gibson Vance
Subject: RE: Strickland v. Champion Enterprises, Inc.

I understand, but prior to involving the court do you not at least think you should disclose what is so objectionable and why, to see if we can work something out?  If you are saying you will never agree under any circumstances to a protective order unless so ordered by a court, that
is certainly your decision also.    Just let me know.

/s/ Gregory S. Ritchey, Esquire
RITCHEY & RITCHEY, P.A.
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:       205.271.3105
Facsimile:         205.271.3111

THIS E-MAIL MESSAGE AND ANY ATTACHMENT IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND
CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE
PERSON(S) NAMED ABOVE. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY
ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL
MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM
RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE
OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION
OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

-----Original Message-----
From: Gibson Vance [mailto:gibson.vance@beasleyallen.com]
Sent: Monday, September 18, 2006 4:44 PM
To: Greg Ritchey
Subject: RE: Strickland v. Champion Enterprises, Inc.

        Greg, I am not trying to be unreasonable on this. I just think that when we try to
work thru such items we wind up getting mad at each other.

-----Original Message-----
From: Greg Ritchey [mailto:greg@ritcheylaw.com]
Sent: Monday, September 18, 2006 4:24 PM
To: Gibson Vance
Subject: RE: Strickland v. Champion Enterprises, Inc.


You do not want to discuss anything and would rather I just file a motion for a protective
order?


/s/ Gregory S. Ritchey, Esquire
RITCHEY & RITCHEY, P.A.
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:       205.271.3105
Facsimile:         205.271.3111

THIS E-MAIL MESSAGE AND ANY ATTACHMENT IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND
CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE
PERSON(S) NAMED ABOVE. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY
ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL
MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM
RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE
OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION
OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

-----Original Message-----
From: Gibson Vance [mailto:gibson.vance@beasleyallen.com]
Sent: Monday, September 18, 2006 3:30 PM
To: Greg Ritchey
Subject: RE: Strickland v. Champion Enterprises, Inc.

        Greg, I can't agree. I would have to hire a staff person to keep up with compliance
of it. Additionally, it would be a major burden to worry about filing all this under seal.
There is no need for you and I to spend time arguing about it.

-----Original Message-----
From: Greg Ritchey [mailto:greg@ritcheylaw.com]
Sent: Monday, September 18, 2006 3:18 PM
To: Gibson Vance
Subject: RE: Strickland v. Champion Enterprises, Inc.


Yes, try Bruce Petway (I think he sent me a version of it).  Also, if I recall correctly,
we used the same or a similar version in a case with Ralph Bohanan as well as one with
Jason Shamblin (Cory, Watson).  I believe there are others, but that is all I can think of
at the moment.

/s/ Gregory S. Ritchey, Esquire
RITCHEY & RITCHEY, P.A.
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:       205.271.3105
Facsimile:         205.271.3111

THIS E-MAIL MESSAGE AND ANY ATTACHMENT IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND
CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE
PERSON(S) NAMED ABOVE. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY
ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL
MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM
RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE
OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION
OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

-----Original Message-----
From: Gibson Vance [mailto:gibson.vance@beasleyallen.com]
Sent: Monday, September 18, 2006 3:03 PM
To: Greg Ritchey
Subject: RE: Strickland v. Champion Enterprises, Inc.

can you tell me the names of some plaintiff attys in ala that have agree to this one

-----Original Message-----
From: Greg Ritchey [mailto:greg@ritcheylaw.com]
Sent: Monday, September 18, 2006 3:01 PM
To: Gibson Vance
Subject: RE: Strickland v. Champion Enterprises, Inc.


Please take a look at it when you get a second.  It has been my experience that the
plaintiff's bar and courts are in favor of such protective orders since it keeps them from
having to get into
confidentiality disputes.

/s/ Gregory S. Ritchey, Esquire
RITCHEY & RITCHEY, P.A.
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:       205.271.3105
Facsimile:         205.271.3111

THIS E-MAIL MESSAGE AND ANY ATTACHMENT IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND
CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE
PERSON(S) NAMED ABOVE. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY
ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL
MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM
RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE
OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION
OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

-----Original Message-----
From: Gibson Vance [mailto:gibson.vance@beasleyallen.com]
Sent: Monday, September 18, 2006 2:55 PM
To: Greg Ritchey
Subject: RE: Strickland v. Champion Enterprises, Inc.

     I haven't looked at it yet. I have never agreed to do one in this case and don't
understand why it is necessary. We are not in the habit of just agreeing to protective
orders.

-----Original Message-----
From: Greg Ritchey [mailto:greg@ritcheylaw.com]
Sent: Monday, September 18, 2006 2:55 PM
To: Gibson Vance

Subject: RE: Strickland v. Champion Enterprises, Inc.


I will put it on the calendar.  As for the protective order, what items do you not like?


/s/ Gregory S. Ritchey, Esquire
RITCHEY & RITCHEY, P.A.
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:        205.271.3105
Facsimile:          205.271.3111

THIS E-MAIL MESSAGE AND ANY ATTACHMENT IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND
CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE
PERSON(S) NAMED ABOVE. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY
ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL
MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM
RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE
OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION
OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

-----Original Message-----
From: Gibson Vance [mailto:gibson.vance@beasleyallen.com]
Sent: Monday, September 18, 2006 2:49 PM
To: Greg Ritchey
Subject: RE: Strickland v. Champion Enterprises, Inc.

     Yes, thanks.

-----Original Message-----
From: Greg Ritchey [mailto:greg@ritcheylaw.com]
Sent: Monday, September 18, 2006 2:49 PM
To: Gibson Vance
Subject: RE: Strickland v. Champion Enterprises, Inc.


Is 3:00 on Thursday ok?


/s/ Gregory S. Ritchey, Esquire
RITCHEY & RITCHEY, P.A.
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:        205.271.3105
Facsimile:          205.271.3111

THIS E-MAIL MESSAGE AND ANY ATTACHMENT IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND
CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE
PERSON(S) NAMED ABOVE. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY
ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL
MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM
RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE
OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION
OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

-----Original Message-----
From: Gibson Vance [mailto:gibson.vance@beasleyallen.com]
Sent: Monday, September 18, 2006 2:37 PM
To: Greg Ritchey; Heidi Bowers
Subject: RE: Strickland v. Champion Enterprises, Inc.

Yes I am. We also need to discuss you proposed confidentiality agreement. What time?

-----Original Message-----
From: Greg Ritchey [mailto:greg@ritcheylaw.com]
Sent: Monday, September 18, 2006 11:22 AM

To: Heidi Bowers
Cc: Gibson Vance
Subject: RE: Strickland v. Champion Enterprises, Inc.


Heidi,

I have not heard from my Champion contact as to whom, in accordance with the Order on
Motion, will be identified as the person to be deposed.  I tried calling this morning, but
the person I need to speak with is out until Wednesday.  Is Gibson available on Thursday
or Friday?


/s/ Gregory S. Ritchey, Esquire
RITCHEY & RITCHEY, P.A.
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:      205.271.3105
Facsimile:        205.271.3111

THIS E-MAIL MESSAGE AND ANY ATTACHMENT IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND
CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE
PERSON(S) NAMED ABOVE. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY
ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL
MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM
RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE
OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION
OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

-----Original Message-----
From: Heidi Bowers [mailto:heidi.bowers@beasleyallen.com]
Sent: Monday, September 18, 2006 10:37 AM
To: Greg Ritchey
Cc: Gibson Vance
Subject: Strickland v. Champion Enterprises, Inc.

Greg,

We received your letter dated September 15, 2006 requesting dates on which Gibson is
available to meet to reach a consensus on the discovery plan with regard to the sole issue
pending in the summary judgment
motion.      Gibson is available today or tomorrow.

Heidi Bowers
Legal Assistant to C. Gibson Vance
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
272 Commerce Street (36104)
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 ext. 575 (Phone)
1-800-898-2034 ext. 575 (Toll Free)
(334) 954-7555 (Fax)
heidi.bowers@beasleyallen.com
www.beasleyallen.com

"Helping those who need it most for over twenty-five years."

5

**Richard Walker**

| | |
|---|---|
| **From:** | Gibson Vance [gibson.vance@beasleyallen.com] |
| **Sent:** | Tuesday, September 19, 2006 7:43 PM |
| **To:** | Greg Ritchey |
| **Subject:** | Re: Protective Order |

We can not agree to it

--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Greg Ritchey <greg@ritcheylaw.com>
To: Gibson Vance
Sent: Tue Sep 19 17:35:35 2006
Subject: Protective Order

Any decision?

/s/ Gregory S. Ritchey, Esquire
RITCHEY & RITCHEY, P.A.
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:        205.271.3105
Facsimile:        205.271.3111

THIS COMMUNICATION AND ANY DOCUMENTS, FILES, OR ATTACHMENTS CONSTITUTE AN ELECTRONIC
COMMUNICATION WITHIN THE SCOPE OF THE ELECTRONIC COMMUNICATION PRIVACY ACT, 18 USCA §
2510, et seq., IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND CONTAINS CONFIDENTIAL
INFORMATION INTENDED ONLY FOR THE RECIPIENT(S) NAMED ABOVE. AS THIS COMMUNICATION MAY
CONTAIN NON-PUBLIC, CONFIDENTIAL, OR LEGALLY PRIVILEGED INFORMATION INTENDED FOR THE SOLE
USE OF THE DESIGNATED RECIPIENT(S), THE UNLAWFUL INTERCEPTION, USE, OR DISCLOSURE OF SUCH
INFORMATION IS STRICTLY PROHIBITED UNDER 18 USCA § 2511 AND ANY APPLICABLE LAWS. IF THE
READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY ATTACHMENT IN ERROR, PLEASE NOTIFY US
IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL MESSAGE, ALONG WITH ANY ATTACHMENTS,
AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM RECEIVING THIS TRANSMISSION IN
ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE OR ANY ATTACHMENT ON ANY
COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS
COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

Richard Walker

| | |
|---|---|
| **From:** | Gibson Vance [gibson.vance@beasleyallen.com] |
| **Sent:** | Wednesday, September 27, 2006 9:21 AM |
| **To:** | Greg Ritchey |
| **Cc:** | Heidi Bowers |

**Subject:** RE: Michigan Deposition

I am fine with the protective order.

-----Original Message-----
**From:** Greg Ritchey [mailto:greg@ritcheylaw.com]
**Sent:** Wednesday, September 27, 2006 8:58 AM
**To:** Gibson Vance
**Cc:** Heidi Bowers
**Subject:** RE: Michigan Deposition

Gibson,

Were there any problems with the latest draft of the protective order based on the Guidroz order?

Also, Conference Room C has been reserved at Dykema Gossett's Bloomfield Hills, Michigan office, the 25th day of October, 2006 at 10:00 am. The address is 39577 Woodward Avenue, Suite 300, Bloomfield Hills, Michigan, 48304-2820 (Phone: 248.203.0700). The parties will need to check in with the receptionist on the third floor, who will direct them to Conference Room C. The room has been reserved under David Goltz/Champion Enterprises. We need to let them know if there is any cancellation or rescheduling.

Provided the protective order is ok, please sign it and scan it to this office and we will get it filed. Thanks.

/s/ Gregory S. Ritchey, Esquire
**RITCHEY & RITCHEY, P.A.**
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:     205.271.3105
Facsimile:     205.271.3111

**THIS COMMUNICATION AND ANY DOCUMENTS, FILES, OR ATTACHMENTS CONSTITUTE AN ELECTRONIC COMMUNICATION WITHIN THE SCOPE OF THE ELECTRONIC COMMUNICATION PRIVACY ACT, 18 USCA § 2510, *et seq.*, IS**

SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE RECIPIENT(S) NAMED ABOVE. AS THIS COMMUNICATION MAY CONTAIN NON-PUBLIC, CONFIDENTIAL, OR LEGALLY PRIVILEGED INFORMATION INTENDED FOR THE SOLE USE OF THE DESIGNATED RECIPIENT(S), THE UNLAWFUL INTERCEPTION, USE, OR DISCLOSURE OF SUCH INFORMATION IS STRICTLY PROHIBITED UNDER 18 USCA § 2511 AND ANY APPLICABLE LAWS. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

---

**From:** Gibson Vance [mailto:gibson.vance@beasleyallen.com]
**Sent:** Friday, September 22, 2006 8:28 AM
**To:** Greg Ritchey
**Cc:** Heidi Bowers
**Subject:** RE: Michigan Deposition

I can agree to the actual protective order entered in Guidroz.

-----Original Message-----
**From:** Greg Ritchey [mailto:greg@ritcheylaw.com]
**Sent:** Thursday, September 21, 2006 4:10 PM
**To:** Gibson Vance
**Subject:** Michigan Deposition

Gibson,

We can get a conference room at Dykema Gossett in Bloomfield Hills, MI. Apparently this is a much nicer area than Detroit. Plan to notice the deposition there and I will get you the address and other information. Thanks.

/s/ Gregory S. Ritchey, Esquire
**RITCHEY & RITCHEY, P.A.**
Post Office Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:    205.271.3105
Facsimile:     205.271.3111

THIS COMMUNICATION AND ANY DOCUMENTS, FILES, OR ATTACHMENTS CONSTITUTE AN ELECTRONIC COMMUNICATION WITHIN THE SCOPE OF THE ELECTRONIC COMMUNICATION PRIVACY ACT, 18 USCA § 2510, *et seq.*, IS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE AND CONTAINS CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE RECIPIENT(S)

NAMED ABOVE. AS THIS COMMUNICATION MAY CONTAIN NON-PUBLIC, CONFIDENTIAL, OR LEGALLY PRIVILEGED INFORMATION INTENDED FOR THE SOLE USE OF THE DESIGNATED RECIPIENT(S), THE UNLAWFUL INTERCEPTION, USE, OR DISCLOSURE OF SUCH INFORMATION IS STRICTLY PROHIBITED UNDER 18 USCA § 2511 AND ANY APPLICABLE LAWS. IF THE READER OF THIS TRANSMISSION HAS RECEIVED IT OR ANY ATTACHMENT IN ERROR, PLEASE NOTIFY US IMMEDIATELY. PLEASE DELETE AND DESTROY THE ORIGINAL MESSAGE, ALONG WITH ANY ATTACHMENTS, AND ALL COPIES FROM ANY COMPUTER OR ELECTRONIC SYSTEM RECEIVING THIS TRANSMISSION IN ERROR. PLEASE BE ADVISED THAT ANY RETENTION OF THIS MESSAGE OR ANY ATTACHMENT ON ANY COMPUTER OR ELECTRONIC SYSTEM, OR ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION OR ANY ATTACHMENT IS STRICTLY PROHIBITED.

10/27/2006