IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RALPH BROWN,                 &ast;
&ast;
     Plaintiff,          &ast;
&ast;
v.                    &ast;       **Case Number: 2:06-CV642-MEF**
&ast;
CHAMPION ENTERPRISES, INC., *et al.* &ast;
&ast;
     Defendants.     &ast;

## MOTION FOR LEAVE TO AMEND

**COMES NOW**, one of the defendants, Champion Enterprises, Inc. (hereinafter referred to as "CEI"), by and through counsel of record, and moves this Honorable Court to enter an order allowing CEI leave to amend its Reply to Plaintiff's Response to Champion Enterprises, Inc.'s Motion to Dismiss [or, in the alternative, Motion for Summary Judgment] and Motion to Seal (Doc. 18) and in support thereof states as follows:

1.       Pursuant to this Court's Order dated September 1, 2006 (Doc. 10), CEI was given until December 5, 2006 to reply to Plaintiff's response (Doc. 7) to CEI's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. 5).

2.       On June 26, 2007, the United District Court for the Middle District of Alabama, Southern Division in the case captioned *Nicholas Strickland, et al. v. Champion Enterprises, Inc., et al.,* Case No. 1:06-cv-682-TFM decided the exact issues currently before this Court relating to personal jurisdiction over CEI in Alabama as well as the allegation that CEI is the alter ego of Champion Home Builders Co. (Copy attached).

3.       In a detailed analysis, the Honorable Terry F. Moorer found that neither specific personal jurisdiction nor general personal jurisdiction exists over CEI in Alabama and that CEI's

1

corporate veil must remain intact.    Accordingly, Judge Moorer granted CEI's motion for summary judgment as to the alter ego issue and dismissed CEI for lack of personal jurisdiction.

4.    It is respectfully submitted that the disposition of the *Strickland* case, involving the same issues and defendants at issue in the present case, after the briefing schedule was closed constitutes good cause to allow CEI to amend its motion. *See Alexander v. AOL Time Warner, Inc.*, 132 Fed.Appx. 267, 269 (11th Cir. 2005) (in the analogous situation wherein a party seeks to modify a Rule 16 scheduling order, the movant must first show good cause). The *Strickland* decision was previously unavailable to CEI and could have not been presented by CEI by the December 5, 2006 deadline. *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (modification excluded unless the deadline cannot be met despite the diligence of the moving party).

5.    It is respectfully that it serves the interest of justice to allow CEI leave to amend its pleadings in this matter.

**WHEREFORE PREMISES CONSIDERED**, CEI prays this Honorable Court will grant its motion for leave to amend its Reply to Plaintiff's Response to Champion Enterprises, Inc.'s Motion to Dismiss [or, in the alternative, Motion for Summary Judgment] and Motion to Seal (Doc. 18) and for such other or different relief as is just.

Respectfully submitted,

RITCHEY & SIMPSON, PLLC


/s/ Richard S. Walker
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co. and Champion Enterprises, Inc.

<u>OF COUNSEL:</u>
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, AL 35216-3084
Phone:         205.876.1600
Facsimile      205.876.1616

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 20th day of July, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103


/s/ Richard S. Walker
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICHOLAS STRICKLAND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:06-cv-682-TFM |
| | ) | (WO) |
| CHAMPION ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER ON MOTIONS

This action is assigned to the undersigned magistrate judge to conduct all proceedings

and order entry of judgment by consent of all the parties (Docs. 8-9, filed August 26, 2006)

and 28 U.S.C. § 636(c).

Pending before the Court is Defendant Champion Enterprises, Inc.'s *Motion for*

*Summary Judgment* (Doc. 5, filed August 4, 2006) and *Motion to Strike Jury Demand as to*

*Alter Ego Claims and to Stay Alter Ego Claims* (Doc. 10, filed September 7, 2006). The

Court previously denied the *Motion to Dismiss* contained in the same document as the

*Motion for Summary Judgment. See* Docs. 12, 20, and 43. The Court considers the *Motion*

*for Summary Judgment*, filed by Defendant Champion Enterprises Inc. (Doc. 5, filed August

4, 2006), *Plaintiffs' Response to Defendant Champion Enterprises, Inc.'s, Motion to Dismiss*

*or, In Alternative, Motion for a Summary Judgment* (Doc. 7, filed August 25, 2006),

Defendant's *Supplement to Motion for Summary Judgment* (Doc. 18, filed November 17,

2006), *Plaintiffs' Response to Defendants' Motion to Dismiss or, In the Alternative, Motion*

*for Summary Judgment* (Doc. 24, filed November 30, 2006 *sealed*), Defendant's *Second*

*Supplement to Motion to Dismiss or, In the Alternative, Motion for Summary Judgment* (Doc. 39, filed March 12, 2007), *Plaintiffs' Response to Defendants' Second Supplement to Motion to Dismiss, or In the Alternative, Motion for Summary Judgment* (Doc. 41, filed April 11, 2007), and Defendant's *Reply to Plaintiffs' Response to Second Supplement to Motion to Dismiss or, In the Alternative, Motion for Summary Judgment* (Doc. 42, filed April 20, 2007). Further, taking into consideration the backdrop of controlling Alabama law, the Court **GRANTS** Defendant Champion Enterprises, Inc.'s **Motion for Summary Judgment** and **DENIES as moot** the **Motion to Strike Jury Demand.**

## I. PARTIES

Plaintiffs are Nicholas and Jennifer Strickland ("Plaintiffs" or "the Stricklands") and they reside in Houston County, Alabama, within the Middle District of Alabama.

Defendant Champion Enterprises, Inc. ("CEI" or "Defendant") is a Michigan Corporation whose principal place of business is in Auburn Hills, Michigan.

Defendant Champion Home Builders Co. ("CHB") is a Michigan Corporation whose principal place of business is in Auburn Hills, Michigan. CHB is not a party to the pending Motion for Summary Judgment.

## II. JURISDICTION

Defendant CHB removed this case to this Alabama federal court pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction), 1367 (supplemental jurisdiction), and 1441 (removal jurisdiction). As stated in the Motion for Summary Judgment, CEI contests personal jurisdiction citing as grounds insufficient contacts with the state of Alabama and there is no

evidence CEI is the alter-ego of CHB.

### III. NATURE OF THE CASE/FACTUAL BACKGROUND

The underlying facts of are necessarily viewed in favor of the nonmovant Plaintiffs. Plaintiff alleges the manufactured homes designed and manufactured by the Defendants, including the home purchased by Plaintiffs, have an improper design and construction of the exterior walls in violation of the Department of Housing and Urban Development's ("HUD") Manufactured Home Construction and Safety Standards. *See* Doc. 1, Ex. A Complaint ¶ 13. Plaintiffs state the defect existed at the time of sale and violates the written manufacturer's express warranty that the home was free from defect. *Id.* ¶ 13 and ¶ 18. Plaintiffs aver Defendants should have known of the defect since at least the mid-1990s and actually lobbied HUD to allow a waiver of the HUD Code for this specific defect. *Id.* ¶ 14.

Plaintiffs allege condensation will become trapped within the walls and result in moisture seeping out of openings in the wall such as screw holes or light fixtures. The defect results in "soft walls" where the moisture makes it possible to easily poke holes through the sheetrock. *Id.* ¶ 15 Further, it results in the growth of black mold and other fungus. *Id.* Plaintiffs allege Defendants knew of these problems, yet did not inform the consumer of the known defect nor did it offer to refund the purchase price. *Id.* ¶ 16. Plaintiffs aver the manufactured home failed to perform and serve as a suitable place of residence and therefore failed in its intended purpose. *Id.* ¶ 19.

Plaintiffs state they notified Defendants of the problem as required under Ala. Code § 7-2-607(3), but Defendants failed to effectuate all repairs to the manufactured home.

Plaintiffs filed suit on June 26, 2006 in the Circuit Court of Houston County, Alabama. *See* Doc. 1. The Stricklands bring claims under 15 U.S.C. § 2391, *et seq.* ("Magnuson Moss Warranty Act"), breach of express warranty, breach of implied warranty of merchantability, breach of fitness for a particular purpose, breach of warranty of habitability, negligence, wantonness, unjust enrichment, fraudulent concealment, and Alabama's Extended Manufacturers Liability Doctrine. *See* Doc. 1 ¶ 23-68. Plaintiff also alleges Defendant CEI is the parent corporation and alter-ego of Defendant CHB. *Id.* ¶ 17. Defendant CHB denies the allegations in its Answer and Defendant CEI filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. *See* Docs. 4-5. The Court denied CEI's Motion to Dismiss, but reserved judgment pending the completion of discovery on personal jurisdiction and the alter-ego allegation made by the Stricklands. Limited discovery ended on February 9, 2007. *See* Doc. 33. CEI filed a final supplement to the Motion for Summary Judgment on March 12, 2007. *See* Doc. 39. Plaintiffs filed their response on April 11, 2007. *See* Doc. 41. Defendants filed a reply on April 20, 2007. *See* Doc. 42. The Motion for Summary Judgment was fully submitted without oral argument on April 20, 2007.

## IV. DEFENDANT CEI'S MOTION FOR SUMMARY JUDGMENT

In the pending Motion for Summary Judgment,[1] CEI asserts Plaintiffs cannot prove CHB is the alter ego of CEI. Further, CEI argues it lacks sufficient contacts with Alabama to establish personal jurisdiction because CHB is not the alter ego of CEI. CEI avers it lacks

---

[1]     The Court considers the *Motion for Summary Judgment* (Doc. 5, filed August 4, 2006), the *Supplement to the Motion for Summary Judgment* (Doc. 18, filed November 17, 2006), and the *Second Supplement to the Motion for Summary Judgment* (Doc. 39, filed March 12, 2007).

sufficient minimum contacts with the state of Alabama to require CEI to defend the action in Alabama. In sum, jurisdiction cannot attach without offending traditional notions of fair play and substantial justice.

In their first response, the Stricklands said they could not adequately oppose the motion since they had no opportunity to conduct discovery. *See* Doc. 7. The Court reserved ruling on the Motion for Summary Judgment and permitted limited discovery on the alter ego and jurisdictional issues. *See* Doc. 12. The Stricklands filed a Supplemental Response on November 30, 2006 and the Second Supplemental Response on April 11, 2007. *See* Docs. 24 and 41. The response filed on November 30, 2006 outlines the bulk of the Stricklands' response in opposition to summary judgment. *See* Doc. 24. The Stricklands allege they satisfied the elements as required under Alabama law to establish CHB is the alter ego of CEI, also known as piercing the corporate veil. *See* Doc. 24, p. 3. The Stricklands contend the Court should deny the motion for summary judgment.

## V.  SUMMARY JUDGEMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91

L.Ed.2d 202 (1986). Only disputes about those facts will preclude the granting of summary judgment. *Id.* A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'"). Thus, the initial burden of proof rests on the movant. *Celotex*, 477 U.S. at 325; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)). Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The party opposing summary judgment must respond by setting

forth specific evidence in the record and articulating the precise manner in which that

evidence supports his or her claim, and may not rest upon the mere allegations or denials of

the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*,

263 F.3d 1234, 1264 (11th Cir. 2001).

In determining whether a genuine issue for trial exists, the court must view all the

evidence in the light most favorable to the non-movant. *Johnson*, 263 F.3d at 1242-43; *Smith*

*v. F.D.I.C.*, 61 F.3d 1552, 1562 n. 18 (11th Cir. 1995) (on summary judgment, the court

resolves all reasonable doubts about the facts in favor of the nonmovant). Further, "all

justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106

S.Ct. at 2513. If the non-moving party fails to make a showing sufficient to establish the

existence of an element essential to its case on which it will bear the burden of proof at trial,

summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23. In other words, summary

judgment is proper after adequate time for discovery and upon motion against a party who

fails to make a showing sufficient to establish the existence of an element essential to that

party's case. *Id*. at 322, 106 S.Ct. at 2552.

## VI.  DISCUSSION AND ANALYSIS

### A.   Piercing the Corporate Veil/Alter-Ego Theory

It is a well-established concept that "a corporation is a distinct and separate entity

from the individuals who compose it as stockholders or who manage it as directors or

officers." *Nimbus Techs., Inc. v. Sunndata Prods., Inc.*, 484 F.3d 1305, (11th Cir. 2007)

(quoting *Cohen v. Williams*, 294 Ala. 417, 318 So.2d 279, 281 (1975)); *see also Perry v.*

*Household Retail Servs., Inc.*, 953 F.Supp. 1378, 1381 (M.D. Ala. 1996) ("the concept that a corporation is a legal entity existing separate and apart from its shareholders is well-settled law.") (citing *Backus v. Watson*, 619 So.2d 1342, 1345 (Ala. 1993)). The mere fact that one corporation owns all the stock of another corporation does not destroy the separate corporate identities. *Messick v. Moring*, 514 So.2d 892, 895 (Ala. 1987); *see also South Alabama Pigs, LLC v. Farmer Feeders, Inc.*, 305 F.Supp.2d 1252, 1258 (M.D. Ala. 2004) (quoting *Simmons v. Clark Equip. Credit Corp.*, 554 So.2d 398, 400 (Ala. 1989)); *Perry*, 953 F.Supp. at 1381 (citing *Messick*). Under Alabama law, "[p]iercing the corporate veil is not a power that is lightly exercised." *First Health, Inc. v. Blanton*, 585 So.2d 1331, 1334 (Ala. 1991); *see also Perry*, 953 F.Supp. at 1381 (quoting *Blanton*). At times, a court may disregard the corporate entity and impose liability upon the controlling party.

To establish that one party is the alter-ego of another party, or to pierce the corporate veil, Plaintiffs must show the following:

(1)     The dominant party must have complete control and domination of the subservient corporation's finances, policy and business practices so that at the time of the attacked transaction the subservient corporation had no separate mind, will, or existence of its own;

(2)     The control must have been misused by the dominant party. Although fraud or the violation of a statutory or other positive legal duty is misuse of control, when it is necessary to prevent injustice or inequitable circumstances, misuses of control will be presumed;

(3)     The misuse of this control must proximately cause the harm or unjust loss

complained of.

*Blanton*, 585 So.2d at 1334-35 (quoting *Messick*, 514 So.2d at 894-95); *see also Perry*, 953 F.Supp. at 1381 (citing *Blanton* and *Messick*); *Hollingshead v. Burford Equip. Co.*, 828 F.Supp. 916, 919 (M.D. Ala. 1993) (citing *United Steelworkers of America v. Connors Steel*, 855 F.2d 1499, 1506-07 (11th Cir. 1988)). Given the fact-intensive nature of the veil-piercing analysis, the determination is typically one to be resolved at trial, where the trier of fact can make choices as to credibility and weight of the evidence. *See Perry*, 953 F.Supp. at 1381 (citations omitted). However, in light of Rule 56, the court may grant summary judgment if a trial court, under appropriate standards, have but one result. *Id.*

## 1. Domination and Control

In considering whether a business organization is an alter-ego, a plaintiff must show one organization has complete control and domination of the other organization in relation to the transaction attacked. *See Hollingshead*, 828 F.Supp. at 919. To measure indicia of control, the Supreme Court of Alabama has provided a laundry list of factors to be used in determining whether a subsidiary is under the domination and control of its parent. *Duff v. Southern Ry. Co.*, 496 So.2d 760, 763 (Ala. 1986); *see also Connors Steel*, 855 F.2d at 1505 (11th Circuit lists similar laundry list with a few differences). The following is a combined list from the Supreme Court of Alabama and Eleventh Circuit for use in determining whether the subsidiary is under the domination and control of its parent.

(1) The parent corporation owns all or most of the capital stock of the subsidiary.

(2) The parent and subsidiary corporations have common directors or officers.

(3) The parent corporation finances the subsidiary.

(4)     The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation.

(5)     The subsidiary has grossly inadequate capital.

(6)     The parent corporation pays the salaries and other expenses or losses of the subsidiary.

(7)     The subsidiary has substantially no business except with the parent corporation or has no assets conveyed to it by the parent corporation.

(8)     In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own.

(9)     The parent corporation uses the property of the subsidiary as its own.

(10)    The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest.

(11)    The formal legal requirements of the subsidiary are not observed.

(12)    The parent and subsidiary have common business departments.

(13)    The parent and subsidiary file consolidated financial statements and tax returns.

(14)    The daily operations of the two companies are not kept separate.

*See Duff*, 496 So.2d at 760 (Factors 1 through 11); *Connors Steel*, 855 F.2d at 1505 (Factors 12 through 14 and reiteration of most factors in 1 through 11 for a total of twelve factors); *see also Perry*, 953 F.Supp. at 1381-82 (listing of factors 1 through 11 and citing to *Duff*); *Hollingshead*, 828 F.Supp. at 919 (listing 12 factors from *Connors Steel*).  Courts do not assign greater or lesser value to any of the factors or indicate how many factors must be present before the court may find domination by the parent, and the *Duff* court even noted

"[n]o one of these factors is dispositive; nor does the list exhaust the relevant factors." *Duff*, 496 So.2d at 763; *see generally Connors Steel*, 855 F.2d 1499 (court did not assign weight to any of the factors, nor did it indicate how many must be present). However, it is clear "plaintiffs do not have to prove the existence of all [the] factors in order to prevail" and "the court may assign some relative weight based upon its familiarity with the record." *Hollingshead*, 828 F.Supp. at 919.

Plaintiffs concede they do not have sufficient information to establish factors 4 (parent subscribes to all the capital stock or causes incorporation), 7 (subsidiary has no business except with parent), and 11 (formal legal requirements of subsidiary not observed). As such, the Court concludes Factors 4, 7, and 11 are not present.

The Court finds, and CEI admits, that factor 1 (common stock ownership) is present. Champion Enterprises, Inc. (CEI) is a stock holding company and owns one-hundred percent (100%) of the stock of Champion Home Builders Co. (CHB) *See* Doc. 18 at p.2. The Court also finds that factors 9 (uses the property of subsidiary) and 13 (file consolidated financial statements and tax returns) are present. CEI concedes it shares office space with CHB, but contends CHB has many other offices in plants across the United States where its handles its day to day activities. *Id.* at p.8. The home offices for CHB and CEI are both located in Auburn Hills, Michigan and are even on the same floors of the building. CEI also states CEI and CHB file consolidated tax returns, though they have separate tax I.D. numbers. As such, factors 1, 9, and 13 are all present. Neither Plaintiffs nor Defendants specifically address Factors 12 or 14, and as such, the Court finds they are not present. The remaining factors are disputed thus the Court devotes the remainder of this section to the reasons for its findings.

a.    **Factor 2 - Common directors or officers**

Plaintiffs assert CEI and CHB have or had several officers in common. *See* Doc. 24 at p.7. CEI concedes many officers of CHB and CEI are the same, but the Board of Directors for each company is completely different other than the President and CEO of CEI on both Boards during some years. *See* Doc. 18 at p.2-3 citing Ex. B. Based on this information, the Court finds this factor is only partially present.

b.    **Factors 3, 5, 6 - Parent corporation finances the subsidiary, Subsidiary has grossly inadequate capital, and Parent corporation pays the salaries and other expenses/losses of the subsidiary**

Plaintiffs retained the services of Edward W. Sauls, a certified public accountant, as an expert witness on the financial matters relating to CEI and CHB. Mr. Sauls affidavit is attached as Exhibit I to Plaintiffs' Response. *See* Doc. 24, Ex. I. In his affidavit, Mr. Sauls concludes CEI finances CHB, CHB has grossly inadequate capital, and CEI pays for the losses of its subsidiaries. Defendant contests these assertions and cite to various excerpts from Mr. Sauls' deposition. Between the affidavit and deposition testimony, there is conflicting testimony from which the Court may draw various conclusions which in turn requires a weighing of the testimony and credibility of Mr. Sauls and his conclusions. As such, the Court is unable to conclude for the purposes of summary judgment whether or not Factors 3, 5, and 6 are present.

c.    **Factors 8 and 10 - Subsidiary is described as a department/division of the parent corporation or business is referred to as the parent corporation's own and Directors/executives of subsidiary do not act independently in the interest of the subsidiary**

Plaintiffs assert the two elements intertwine and contend CEI and CHB are part of a single business enterprise. *See* Doc. 24 at p.11. Plaintiffs state Champions' Form 10-K's, filed with the SEC, all begin with introductory language "[e]stablished in 1953, Champion Enterprises, Inc., and its subsidiaries (collectively "we", "Champion", or "the company") primarily produce and sell factory-built homes." *Id*. citing Ex. J - O. Plaintiffs point to numerous other instances where CEI appears to assert CHB's operations as its own. *Id*. at p.11-13. Moreover, Plaintiff cites an instance where a contract for CHB was signed by CEI's President and CEO instead of the President of CHB. CEI argues this is not sufficient and irrelevant as the referenced contract occurred two (2) years outside of the relevant time period. From the conflicting information and contradictory conclusions drawn by the party, the Court is unable to conclude for the purposes of summary judgment whether or not Factors 8 and 10 are present.

  d.   **Conclusions regarding Element of Control**

Based on the above, the Court finds Factors 1, 2, 9, and 10 are present while Factors 4, 7, 11, 12, and 14 are not present. The remaining factors, 3, 5, 6, 8, and 10 are factors where the information is contradictory. Viewing the information in the light most favorable to the nonmovant Plaintiff, with the four Factors present, there is sufficient information to conclude CEI exerts control and domination over CHB. However, "[m]ere domination or control of a corporation by its stockholder cannot be enough to allow a piercing of a corporate veil. There must be the added elements of misuse of control and harm or loss resulting from it." *Blanton*, 585 So.2d at 1335.

**2.  Misuse of Control and Proximate Causation of Loss**

Having read the numerous pleadings filed by the parties, the extensive evidence attached to said pleadings, and listening to the oral arguments of parties at the hearing on June 11, 2007, the Court does not find any evidence tending to prove CEI misused its control, if any, over CHB, or that the misuse of control proximately caused the Stricklands' loss. Plaintiffs rely on the fact Element 2 states "misuse of control will be presumed." The Stricklands fail to consider this presumption only applies if the Court finds it necessary "to prevent injustice or inequitable circumstances." *See Blanton*, 585 So.2d at 1334-35 (quoting *Messick*, 514 So.2d at 894-95) (listing the full version of element 2); *Perry*, 953 F.Supp. at 1381 (same); *Hollingshead*, 828 F.Supp. at 919 (citing *Connors Steel*, 855 F.2d at 1506-07) (same). In the instant suit, the Court does not find injustice or inequitable circumstances exist to allow Strickland to pierce the corporate veil. The Stricklands' cite no authority demonstrating the presumption is mandatory upon the Court. Rather, the Stricklands make conclusory assertions they have established CEI is "continuously misusing its control of its subsidiaries" and "[i]t is clear Champion Enterprises is attempting to control the process, reap the benefits and avoid any and all liability." Further, the Stricklands assert "[i]njustice is not only to be presumed, but is open and obvious." The Court disagrees. The Stricklands provide no evidence CEI actually controlled the day to day manufacturing of the home during the relevant time frame. In fact, the Stricklands fail to address CEI's assertion it does not control the day to day activities of CHB's plants, but that those operations are handled by the plant managers. *See* Doc. 18 at p.6. Moreover, "[i]n a closely held corporation, it is not unusual for the majority stockholder to control the entity's operation. The fact that [the majority shareholder] controlled [the] business does not make that corporation a sham" that

Page 14 of 20

the corporate veil should be pierced. *South Alabama Pigs*, 305 F.Supp.2d at 1258 (quoting *McKissick v. Auto-Owners, Inc. Co.*, 429 So.2d 1030, 1033 (Ala. 1983)).

Further, even when the corporation appears to be an alter-ego, to pierce the corporate veil, "[t]here must be the added elements of misuse and control and harm or loss resulting from it." *South Alabama Pigs*, 305 F.Supp.2d at 1258 (quoting *Backus*, 619 So.2d at 1345 and *citing Messick*, 514 So.2d at 894-95). The Stricklands fail to enumerate sufficient evidence to demonstrate the misuse of control either in their extensive briefs or in the June 11, 2007 hearing. Accordingly, the Court determines Elements 2 and 3 were not met, the corporate veil remains intact, and as such, CEI is entitled to summary judgment on this issue. As a result, the *Motion to Strike Jury Demand as to Alter Ego Claims and to Stay Alter Ego Claims* (Doc. 10) is thus moot.

## B. Personal Jurisdiction

A plaintiff need only establish a prima facie case of jurisdiction, and may do so by presenting evidence sufficient to defeat a motion for judgment as a matter of law. *Delong v. Washington Mills*, 840 F.2d 843, 845 (11th Cir. 1988); *South Alabama Pigs*, 305 F.Supp.2d at 1257 (citing *Perry*, 953 F.Supp. 1380-81). "The burden for overcoming a motion for judgment as a matter of law is the same as that for overcoming a motion for summary judgment; legally sufficient evidence must exist to create a genuine issue of material fact." *Id.* (citing *Celotex*, 477 U.S. 317, 106 S.Ct. 2548; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987)).

When a nonresident defendant challenges personal jurisdiction, the plaintiff must establish personal jurisdiction that comports with (1) the State's long-arm statute and (2) the

Page 15 of 20

requirements of the due-process clause of the Fourteenth Amendment of the United State Constitution. *Id.* (citing *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 391 (11th Cir. 1988)). The Supreme Court of Alabama has extended the jurisdiction of Alabama courts to the extent permissible under the due process clause of the Fourteenth Amendment. *See Alabama Waterproofing Co., Inc. v. Hanby*, 431 So.2d 141, 145 (Ala. 1983); *Olivier v. Merritt Dredging Co., Inc.*, 979 F.2d 827, 830 (11th Cir. 1992); *see also* ALA. R. CIV. P. 4.2(b) (current version of statute referenced by courts). Therefore, a plaintiff may establish the court's personal jurisdiction over a defendant by showing the requirements of due process have been met. *Olivier*, 979 F.2d at 830; *Morris v. SSE, Inc.*, 843 F.2d 489, 494 n.3 (11th Cir. 1988). Due process first requires that the defendant perform "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" - that is "minimum contacts" with the forum state. *Morris*, 843 F.2d at 492 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985)); *South Alabama Pigs*, 305 F.Supp.2d at 1257 (citations omitted). Second, the exercise of personal jurisdiction over the defendant must not offend the "traditional notions of fair play and substantial justice." *Morris*, 843 F.2d at 492 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed 95 (1945)); *South Alabama Pigs*, 305 F.Supp.2d at 1257 (citations omitted). Both conditions must be satisfied to establish personal jurisdiction over a defendant.

Two types of personal jurisdiction exist: specific and general. Specific jurisdiction is based on the party's contacts with the forum state that are related to the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868,

1872, 80 L.Ed.2d 404 (1984). General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation. *Thomas v. Mitsubishi Motor North America, Inc.*, 436 F.Supp.2d 1250, 1253 (M.D. Ala. 2006) (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 414 n.9, 104 S.Ct. at 1872). "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and forum state." *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11thCir. 2000), *cert. denied*, 534 U.S. 827, 122 S.Ct. 68, 151 L.Ed.2d 34 (2001). The Stricklands assert they have met their burden in establishing both general and specific contacts. *See* Doc. 24 at p.22.

1.   **Specific Personal Jurisdiction**

The Stricklands base their assertion of the court's specific personal jurisdiction on the fact CHB does business and operates a manufacturing plant in Alabama. *See* Doc. 24 at p.20. The Stricklands argue CEI's 100% ownership of CHB stock establishes specific contacts with the state of Alabama ergo specific personal jurisdiction exists assuming the Court decides to pierce the corporate veil. The Court has already determined the corporate veil must remain intact. The Stricklands acknowledged at the June 11, 2007 hearing, specific jurisdiction hinges on piercing the corporate veil. The corporate veil remains intact, thus there is no specific jurisdiction over CEI.

2.   **General Jurisdiction**

The Stricklands also assert general jurisdiction over CEI because CEI is the registered domain owner of championhomes.net which is a copyrighted website used to market

Page 17 of 20

Champion Manufactured Homes across the United States and Western Canada.[2] No party

asserts direct sales contact between the Stricklands and CEI via the website. No evidence

is before the Court that any aspect of the Stricklands' transaction involved the website.

Rather, the Stricklands' website argument refers to the website as a general sales tool. In

fact, it is even listed under the heading "General Contacts." As such, the Court will analyze

the website to determine whether it establishes general personal jurisdiction - i.e. substantial,

continuous, and systematic contacts with the State of Alabama.

Whether a website can establish personal jurisdiction is a developing area of law.

Several courts look to *Zippo Mfg. Co. v. Zippo Dot Com, Inc.* and use its "sliding scale"

model as an analytical framework. 952 F.Supp. 1119 (W.D.Pa. 1997). In short, the *Zippo*

court evaluates whether the requisite degree of contact with the forum state exists based on

the degree of interactivity of the website.[3] *Id.* However, this analysis was performed with

relation to specific personal jurisdiction. Courts are split on whether to apply the *Zippo*

analysis in a general personal jurisdiction analysis. *See Lakin v. Prudential Securities, Inc.*,

348 F.3d 704, 711 (8th Cir. 2003) (comparing various court decisions).

In the context of interactive websites, the Fifth Circuit noted that even repeated

contacts with citizens of the forum state may not constitute the requisite substantial,

continuous and systematic contacts required for a finding of general jurisdiction. *Revell v.*

---

[2]     *See* http://www.championhomes.net/story/homebuilders.asp

[3]     As noted by Judge Albritton in the *Thomas* case, this model is based on a sliding
scale analysis. At one end, jurisdiction is created when there are knowing and repeated
transmissions of computer files over the internet and at the other end, personal jurisdiction is
improper where the website is passive. In between those extremes are websites which allow for the
exchange of information. *Thomas*, 436 F.Supp.2d at 1254 n.1 (citations omitted).

*Lidov*, 317 F.3d 467, 471 (5th Cir. 2002); *see also Thomas*, 436 F.Supp.2d at 1254 (same). This Court agrees with the courts who determined interactivity of the website is only one factor in a general personal jurisdiction analysis. *See Lakin*, 348 F.3d at 712; *Revell*, 317 F.3d at 471; *Thomas*, 436 F.Supp. at 1254-55; *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F.Supp.2d 1082, 1091 (E.D. Mo. 2001).

The Stricklands cite the deposition testimony of David Goltz, associate general counsel for CEI and corporate representative of the Defendants. *See* Doc. 24 at p. 19. Mr. Goltz said, "[i]t is an interactive website that allows a consumer to punch in geographical information, find out what types of homes may be available in the geographic area, either from subsidiaries of Champion Home Builders Co., or I believe there is a retailer site that directs the consumer to an independent retailer within their area where they could go find out more information about Champion Home Builders, or its subsidiaries' home." *See* Doc. 24, Ex. A, p. 80. However, the mere fact the Champion website does not fall at the "passive" end of the *Zippo* interactivity scale does not mean the Court has general jurisdiction over CEI in Alabama. Instead, the Court must determine whether CEI has systematic and continuous conduct within the State of Alabama. From the evidence, the Champion website provides some degree of interactivity in that it allows a user to put in geographical locale to find a local distributor and general information on available products. No evidence is before the Court that the website can actually be used to purchase a home. In fact, CEI specifically notes "no sales are made over the internet." *See* Doc. 18 at p.16. Moreover, the Stricklands have not disputed CEI's assertion that it is simply the owner of the domain and Champion Enterprises Management Co. actually maintains the website. *Id.* Furthermore, there is no

evidence of CEI offices, employees or agents in Alabama; CEI does not directly own any

property in Alabama; CEI itself has never sold or delivered a product in Alabama; and finally

CEI does not as an entity advertise in Alabama.  *See* Doc. 18 at p.17 (citing Ex. A).  Given

the plethora of uncontroverted evidence, the Court concludes there is insufficient evidence

to establish general personal jurisdiction over CEI in Alabama.

## VII.  CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, it is **ORDERED** as follows:

(1)    Defendant Champion Enterprises, Inc.'s *Motion for Summary Judgment* (Doc.

5, filed August 4, 2006) is **GRANTED**.

(2)    Defendant Champion Enterprises, Inc. is **DISMISSED** for lack of personal

jurisdiction.

(3)    The *Motion to Strike Jury Demand as to Alter Ego Claims and to Stay Alter

Ego Claims* (Doc. 10) is **DENIED as moot**.


DONE this 26th day of June, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE