IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RALPH BROWN, | * |
| Plaintiff, | * |
| v. | * Case Number: 2:06-CV642-MEF |
| CHAMPION ENTERPRISES, INC., *et al.* | * Unopposed |
| Defendants. | * |

### RENEWED MOTION TO ALTER, AMEND OR VACATE

**COMES NOW**, Champion Home Builders Co. (improperly named in the Complaint as Champion Home Builders Co., Inc.) (hereinafter referred to as "CHB"), by and through counsel of record, and renews its Motion to Alter, Amend or Vacate the Protective Order (Doc. No. 15) dated the 3rd day of October, 2006, and in support thereof states as follows:

1. CHB does hereby incorporate its Motion to Alter, Amend or Vacate (Doc. No. 25) as if fully set forth herein.

2. The parties have agreed to a revised Stipulated Protective Order-Confidentiality, a true and correct copy of which is attached hereto as Exhibit "A" and made a part hereof by reference.

3. No party will be prejudiced by this Protective Order.

4. Only documents that are considered as confidential, proprietary, or trade secrets are covered under the revised Protective Order.

5. Further, CHB has complied with 24 CFR § 3282.54 with regard to protecting information and is in need of a Protective Order to protect its confidential research, development, commercial or financial information.

WHEREFORE, PREMISES CONSIDERED, CHB prays that this Court will enter the attached Protective Order and for such other and different relief as is just.

Respectfully submitted,

**RITCHEY & RITCHEY, P.A.**

/s/ Gregory S. Ritchey
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.

OF COUNSEL:
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, AL 35216-3084
Phone:       205.876.1600
Facsimile    205.876.1616

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 4th day of December, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
C. Lance Gould, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL  36103

/s/ Gregory S. Ritchey
OF COUNSEL

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RALPH BROWN, | * |
| Plaintiff, | * |
| v. | *   Case Number: 2:06-CV642-MEF |
| CHAMPION ENTERPRISES, INC., *et al.* | * |
| Defendants. | * |

### STIPULATED PROTECTIVE ORDER - CONFIDENTIALITY

Upon consideration of the request that an order regarding confidentiality be entered, and this Honorable Court believing that entry of the following Stipulated Protective Order - Confidentiality is necessary in order to facilitate the free discovery of information without document-by-document controversy concerning confidentiality; to protect the parties to this action from undue annoyance, embarrassment, and oppression resulting from public disclosure, or use for purposes other than this litigation, of confidential information that the parties will disclose in discovery; and to protect the commercial value of the parties' trade secrets and confidential research, development and other information; it is

**THEREFORE ORDERED, ADJUDGED AND DECREED** that the following Protective Order be entered pursuant to *Federal Rule of Civil Procedure* 26 (c):

1.  It is also anticipated that during the course of the litigation, trade secrets or other confidential research, development, commercial or financial information from the defendants will be sought (all such above requested information is hereinafter referred to as "Confidential Information"). Except as otherwise provided in this Order, documents produced in this action, interrogatory answers, responses to requests to admit, and deposition testimony taken in this action, including any information contained in such discovery materials which are marked as "CONFIDENTIAL", shall be used only for the prosecution or defense of this case. The parties may claim as confidential any document produced, interrogatory answer, response to request to

1

admit, or deposition testimony taken in this action, including any information contained in such discovery material by marking or identifying, in good faith, a document, answer, response, testimony or other information with the word "CONFIDENTIAL" on the first page of the document. In the event certain documents previously produced are later deemed to be CONFIDENTIAL, the producing party can request that such documents be included within the terms of this Protective Order, as of the date of such request.

2. All CONFIDENTIAL information which has been obtained or learned from an adverse party, including its agents, employees, representatives, and retained experts and consultants, whether currently or formerly employed by the party, shall be held in confidence by the party obtaining such information, including counsel of record, employees and other attorneys in counsel's firm and shall be used only for the prosecution or defense of this case. The terms of this Protective Order govern only CONFIDENTIAL information so designated by a party in connection with this litigation, and are not intended to govern any documents or information of any type obtained from a source other than a party (including the persons enumerated above). That a party producing CONFIDENTIAL information produces or has produced such information in another action or proceeding shall not constitute a waiver of the protection of this Protective Order with respect to the information so designated in this action.

3. All CONFIDENTIAL information shall be held in confidence by counsel of record who shall not release, disclose, or disseminate any such information except to parties, employees of the law firm of counsel of record, and to a party's agents, employees, and retained experts, consultants who are charged with the responsibility for or are actively engaged in the litigation of this case. In-house counsel for the parties shall be treated as counsel of record for the purposes of this Order. Except as otherwise provided in this Order, all persons receiving CONFIDENTIAL information shall agree to be bound by the terms of this Protective Order and not disclose any CONFIDENTIAL information.

4. Except as otherwise provided in this Order, any person who is to receive CONFIDENTIAL information must, prior to any such dissemination, receive, read, and execute a

copy of this Protective Order and Exhibit "A" hereto, and agree to be bound by the terms of this Protective Order and to be personally subject to the jurisdiction of this Court or corresponding Court for the purposes of enforcement hereof by the execution of a copy of Exhibit "A" hereto, which, in pertinent part states the following:

> I, (name), understand that documents and information which are to be disclosed to me by counsel of record for (name of party) are to be used by me solely to assist such counsel in the prosecution or defense of claims involved in or related to the action styled *Ralph Brown v. Champion Enterprises, Inc., et al.,* **Case No.: 2:06-CV642-MEF**, pending in Middle District of Alabama, Northern Division. I further understand that a Protective Order has been entered, a copy of which has been shown to me, prohibits me from either using such documents and information for any other purpose other than the prosecution or defense of this case or disclosing such documents and information for any other purpose or disclosing such documents and information to any person other than counsel of record for (name of party) or persons assisting them. I agree that if I receive any documents marked CONFIDENTIAL, that I will not with anyone other than counsel for a party or other person that is also bound by the terms of the Protective Order in this case where necessary for the purpose of prosecuting, or defending the case, divulge, discuss or otherwise disclose the substance or existence of the documents or other information designated as CONFIDENTIAL information or make copies, prints, negatives, or summaries thereof, without the prior written consent of the party originally furnishing such document in discovery. I further agree to return any CONFIDENTIAL information at the close of this litigation pursuant to the terms of this Protective Order. In accepting such disclosure, I agree to be bound by the Protective Order and submit to the personal jurisdiction of the Court and any corresponding Court for the purposes of its enforcement or with regard to any matter relating to or arising out of this agreement and I acknowledge that I have read this agreement and understand its terms. I further acknowledge that I may be subjected to sanctions by the Court or any corresponding Court if I fail to comply with the Protective Order.

Copies of these declarations shall be filed with the Court and served on all counsel of record no later than five (5) days after disclosure of the CONFIDENTIAL information to the person executing the declaration. Although the confidentiality requirements of this Protective Order shall in all other respects apply to the following persons, such declarations shall not be required of:

    a.    Counsel of record presently employed and legal, paralegal, clerical, secretarial, and other persons employed by counsel of record for any party on a

3

regular basis, and solely for the purposes of this instant litigation;

b. The parties, or their employees, officers and directors, to the extent such disclosure is necessary for the carrying out of their respective duties in connection with this litigation;

c. Court personnel; and

d. Court reporters and videographers.

5. Nothing in this Order shall be construed to prejudice a party's right to use CONFIDENTIAL information in the taking of testimony at any deposition, hearing, arbitration or trial in this action, or in defending against testimony offered by another party, or in oral or written argument. CONFIDENTIAL information may be shown to any witness in preparation for such deposition, hearing or trial and at such deposition, hearing, arbitration or trial. Such disclosure however, shall not operate as a waiver of confidentiality.

6. CONFIDENTIAL information to be filed with the Court by any party to this action and all items which reveal the contents of such CONFIDENTIAL information, shall be filed in sealed envelopes or other appropriately sealed containers on which shall bear a legend substantially in the following form:

> "PROTECTED DOCUMENT- The enclosed materials are subject to a Protective Order of the Court in the action styled ***Ralph Brown v. Champion Enterprises, Inc., et al.,*** **Case No.: 2:06-CV642-MEF**, pending in Middle District of Alabama, Northern Division. This envelope may not be opened without a Court Order by any person other than this Honorable Court, the Court's personnel or Counsel of Record."

Inadvertent disclosure of any document to be so filed or served shall not operate as a waiver of confidentiality.

7. If any CONFIDENTIAL information is not believed to be confidential by the party receiving it, the receiving party may at any time notify the disclosing party and request a release of confidentiality. If such release is not forthcoming in writing within the (10) days, the receiving party may apply to the Court for an order requiring the release of confidentiality. Until

4

this Court enters an order changing the designation, CONFIDENTIAL, information shall be given the confidential treatment provided for in this Protective Order. Nothing contained herein shall alter the burden that would otherwise apply to any party's obligation in such motion or opposition to establish the propriety of allowing or preventing disclosure.

8. In addition, each identified individual to whom CONFIDENTIAL information has been disclosed shall likewise provide an executed copy of Exhibit "B" hereto which states that he or she complied with the provisions of this Protective Order, confirms his or her return of all CONFIDENTIAL information to plaintiffs' counsel, identifies each additional person to whom such individuals have given, shown, or otherwise divulged any of the Confidential Information, and confirms the return of all Confidential Information to plaintiffs' counsel from all such other identified individuals. Any person outside of this lawsuit to whom CONFIDENTIAL information has been transmitted as described above shall return such materials to Defendants' counsel in this action and also execute Exhibit "B" hereto consistent with this provision within 30 days of the conclusion of any arbitration, trial and appeals, satisfaction of any judgment, or upon the conclusion of any settlement of this case.

9. Plaintiffs' counsel shall maintain a list of the names of all persons to whom the information is disclosed until such time as all materials covered by this Protective Order are returned to counsel for Defendant as set forth in this Protective Order. Plaintiffs' counsel may not share materials designated as CONFIDENTIAL information with any other counsel not presently of record in this case.

10. All discovery materials designated as CONFIDENTIAL pursuant to this Order shall be maintained in the custody of the parties' counsel of record. Within sixty (60) days after settlement or entry of a final, non-appealable judgment in this action, CONFIDENTIAL material and all copies of CONFIDENTIAL material produced in this action shall be returned to the producing party, and all summaries, digests, and synopses of the CONFIDENTIAL material shall be destroyed. Within said sixty (60) day period, counsel of record receiving CONFIDENTIAL material shall return such materials to Defendant's counsel in this action and also

5

execute Exhibit "C" hereto confirming the names of those individuals receiving CONFIDENTIAL material and agreeing to the terms of and to be bound by this Protective Order and their return of such CONFIDENTIAL material.

11. Nothing in this Order shall be construed as a waiver by any party of any legally cognizable privilege or basis to withhold any document or information, or any right which any party may have to assert such privilege or basis.

12. Nothing in this Order shall be construed to restrict disclosures of any information obtained through discovery to any person who in the course of his business duties had previously prepared, received, or had access to such information.

13. This Protective Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms, as the scope of discovery dictates.

14. Nothing in this Order shall restrict disclosure of any CONFIDENTIAL information to any government agency as required by law or regulation.

Done this the _____ day of _____, 20____.

**IT IS SO ORDERED:**

_____
District Court Judge

Agreed to and Accepted:

**BEASLEY, ALLEN, CROW,**          RITCHEY & SIMPSON, PLLC
**METHVIN, PORTIS & MILES, P.C.**

_____     _____
C. Lance Gould, Esquire (ASB-0913-G66C)    Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Counsel for Plaintiff                Richard S. Walker, Esquire {ASB-8719-L70R}
                                     Counsel for Champion Home Builders Co.

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number:  2:06-CV642-MEF |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.* | * | |
| | * | |
| Defendants. | * | |

### ACKNOWLEDGEMENT OF RECEIPT OF PROTECTIVE ORDER OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND THEREBY

I, _____, understand that documents and information which are to be disclosed to me by counsel of record for _____ are to be used by me solely to assist such counsel in the prosecution or defense of claims involved in or related to the action styled *Ralph Brown v. Champion Enterprises, Inc., et al.*, Case No.: 2:06-CV642-MEF, pending in Middle District of Alabama, Northern Division.  I further understand that a Protective Order entered by the Court, a copy of which has been shown to me, prohibits me from either using such documents and information for any other purpose other than the prosecution or defense of this case or disclosing such documents and information for any other purpose or disclosing such documents and information to any person other than counsel of record stated above or persons assisting them.  I agree that if I receive any documents marked CONFIDENTIAL, that I will not with anyone other than counsel for a party or other person that is also bound by the terms of the Protective Order in this case where necessary for the purpose of prosecuting, or

1

defending the case, divulge, discuss or otherwise disclose the substance or existence of the documents or other information designated as CONFIDENTIAL information or make copies, prints, negatives, or summaries thereof, without the prior written consent of the party originally furnishing such document in discovery. I further agree to return any CONFIDENTIAL information at the close of this litigation pursuant to the terms of this Protective Order. In accepting such disclosure, I agree to be bound by the Protective Order and submit to the personal jurisdiction of the aforesaid Court or corresponding Court for the purposes of its enforcement or with regard to any matter relating to or arising out of this agreement and I acknowledge that I have read this agreement and understand its terms. I further acknowledge that I may be subjected to sanctions by the Court or corresponding Court if I fail to comply with the Protective Order.

Done this _____ day of _____, 20____.

_____
Signature

_____
Print Name

_____
Print Address

## EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RALPH BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number:  2:06-CV642-MEF |
| | * | |
| CHAMPION ENTERPRISES, INC., *et al.* | * | |
| | * | |
| Defendants. | * | |

### CONFIRMATION OF RETURN
### OR DESTRUCTION OF CONFIDENTIAL INFORMATION

I, _____,

understand and confirm that documents and information disclosed to me by counsel of record for _____ were to be used by me solely to assist such counsel in the prosecution or defense of claims involved in or related to the action styled *Ralph Brown v. Champion Enterprises, Inc., et al.,* Case No.: 2:06-CV642-MEF, pending in Middle District of Alabama, Northern Division. I further understand that the Protective Order entered by the Court, a copy of which was shown to me, prohibited me from either using such documents and information for any other purpose other than the prosecution or defense of this case or disclosing such documents and information for any other purpose or disclosing such documents and information to any person other than counsel of record stated above or persons assisting them. I previously agreed that if I received any documents marked CONFIDENTIAL, that I would not with anyone other than counsel for a party or other person that is also bound by the terms of the Protective Order in this case where necessary for the purpose of prosecuting, or defending the case, divulge, discuss or otherwise disclose the substance or existence

1

of the documents or other information designated as CONFIDENTIAL information or make copies, prints, negatives, or summaries thereof, without the prior written consent of the party originally furnishing such document in discovery. I further agreed to return any CONFIDENTIAL information at the close of this litigation pursuant to the terms of this Protective Order. In accepting such disclosure, I agreed to be bound by the Protective Order and submit to the personal jurisdiction of the aforesaid Court or corresponding Court for the purposes of its enforcement or with regard to any matter relating to or arising out of this agreement and I acknowledged that I read the agreement and understood its terms. I further acknowledged that I may be subjected to sanctions by the Court or corresponding Court if I failed to comply with the Protective Order.

As an alternative to returning the CONFIDENTIAL material, I have been given the option of shredding and destroying the information designated as CONFIDENTIAL, along with any copies, prints, negatives, summaries, digests, and synopses of the CONFIDENTIAL material. I hereby certify that on this date I have _____ RETURNED or \_\_\_\_\_ SHREDDED AND DESTROYED all information designated as CONFIDENTIAL, along with any copies, prints, negatives, summaries, digests, and synopses of the CONFIDENTIAL material.

I further hereby certify, declare, swear and affirm that I have fully complied with all provisions of the Protective Order-Confidentiality, that I have not kept any CONFIDENTIAL material or copies, summaries, etc. of the CONFIDENTIAL material nor have I given, disclosed or otherwise disseminate such CONFIDENTIAL material.

Done this _____ day of _____, 20\_\_\_\_.

_____
Signature

_____
Print Name

_____

_____
Print Address

**STATE OF** _____ )
                                )   <u>**A C K N O W L E D G E M E N T**</u>
_____ **COUNTY** )

    I, the undersigned, a Notary Public in and for said County and State, hereby certify that _____, individually or as _____ for _____, whose name is signed to the foregoing, and who is known to me, acknowledged before me on this date that, being informed of the contents of the instrument, he, individually or as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

    Given under my hand and official seal this____ day of _____,
200____.

_____
Notary Public
My Commission Expires:_____

3