IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RALPH BROWN, | * |
| Plaintiff, | * |
| v. | *   Case Number: 2:06-CV642-MEF |
| CHAMPION ENTERPRISES, INC., *et al.* | * |
| Defendants. | * |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R.Civ. P. 26(f) and the Order dated the 21st day of November, 2007 (Doc. No. 36), a telephonic meeting was held on the 26th day of November, 2007, and was attended by:

| Counsel: | Parties: |
|---|---|
| C. Lance Gould, Esquire | Plaintiff: Ralph Brown |
| Gregory S. Ritchey, Esquire | Defendant: Champion Home Builders, Co. |

**SPECIAL NOTE**: None.

**Pre-scheduling order conference:** A conference with the court is not requested before entry of the scheduling order.

**Narrative Statement of Facts and Causes of Action.**

**Plaintiffs' brief narrative statement:** The plaintiffs claim Champion Home Builders Co. built a manufactured home which was later sold to plaintiffs. The plaintiffs allege breach of the express warranty; alleged violations of the Magnuson-Moss Warranty Act; alleged breach of implied warranties; alleged negligence, fraud and wantonness; allegations under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") and allegations related to the claimed improper design and construction of exterior walls in violation of the HUD Manufactured Home Construction and Safety Standards. Specifically, the plaintiffs claim that the manufacturer of the home improperly designed and

1

constructed the exterior walls of the home by using vinyl covered wallboard in a home going into a hot, humid area and that it has caused damage to the home.

**Defendants' brief narrative statement:** The defendant, Champion Home Builders Co. denies that it breached the express warranty, that as a remote manufacturer, no implied warranties were given and if any were, they were expressly excluded from the sale, that the negligence, fraud and wantonness claims are not cognizable under Alabama law, that the AEMLD is not applicable in this situation as the damage was to the home itself and that it did not improperly design and construct the exterior walls in the manufactured home and specifically states it chose one of three (3) options given to manufacturers in the HUD code and that such claims are preempted under the HUD code. The defendants expressly include herein the affirmative defenses set forth in pleadings filed in this matter.

**Trial.** This jury action should be ready for trial by April, 2009 and is expected to take approximately 5 days, excluding jury selection.

**Pretrial.** A pretrial conference is requested in March, 2009.

**Discovery Plan.** The following discovery plan is proposed:

Discovery will be needed on the following subjects: Claims involving the alleged breach of the express warranty; alleged violations of the Magnuson-Moss Warranty Act; alleged breach of implied warranties; alleged negligence, fraud and wantonness; allegations under the Alabama Extended Manufacturers Liability Doctrine and allegations related to the claimed improper design and construction of exterior walls in violation of the HUD Manufactured Home Construction and Safety Standards.

All discovery commenced in time to be completed on or before September 30, 2008.

Supplementation under Rule 26(e) due within 21 days of the discovery of information requiring supplementation under Rule 26(e).

**Initial Disclosures.** The parties will exchange on or before the 31st day of December, 2007, the information required by Fed.R.Civ.P. 26(a)(1).

**Additional Parties and Amendments:**

Plaintiff should be allowed until the 31st day of January, 2008 to join additional parties or motions for class certification and until the 1st day of March, 2008 to amend the pleadings, without leave of court.

Defendant should be allowed until the 28th day of February, 2008 to join additional parties and until the 31st day of March, 2008 to amend the pleadings, without leave of court.

**Experts:** Reports from retained experts under Rule 26(a)(2) due:

from plaintiffs by the 1st day of February, 2008;
from defendants by the 31st, day of May 2008.

**Pretrial Disclosures.** Final list of witnesses and exhibits under Rule 26(a)(3) due:

from plaintiffs on or before the 31st day of August, 2008.
from defendants on or before 31st day of August, 2008.

Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3), and for any witness or exhibit that any party was not provided fair notice, such party may depose such witness or witnesses within a reasonable time thereafter.

**Discovery Limits.**

A maximum of forty (40) interrogatories by each party to any other party. Responses due thirty (30) days after service.

A maximum of 8 depositions by plaintiff and 8 depositions by defendant, in addition to depositions of the parties or their representative or designated experts. Each deposition, other than depositions of the parties or their representative or designated experts, limited to a maximum of six (6) hours unless extended by agreement of the parties.

A maximum of thirty (30) requests for admission by each party to any other party. Responses due thirty (30) days after service.

A maximum of forty (40) requests for production by each party to any other party. Responses due thirty (30) days after service.

**Dispositive Motions.** All potentially dispositive motions should be filed on or before the 30th day of November, 2008.

**Settlement.** Settlement cannot be evaluated until after initial disclosures are exchanged, but may be enhanced by using the following alternative dispute resolution procedure: Mediation.

**Other Matters.** None.

Dated this 10th day of Dec, 2007.

Respectfully submitted,

RITCHEY & SIMPSON, PLLC

_____
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}
Counsel for Champion Home Builders Co.

**OF COUNSEL:**
RITCHEY & SIMPSON, PLLC
3288 Morgan Drive, Suite 100
Birmingham, AL 35216-3084
Phone:       205.876.1600
Facsimile    205.876.1616

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 10th day of Dec, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the foregoing upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
C. Lance Gould, Esquire
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103

_____
OF COUNSEL

4